James David **CRAWFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43699.

Court of Criminal Appeals of Texas.

May 5, 1971.

Humphreys, McLeaish & Eberstein, Dallas, for appellant.

Henry Wade, Dist.Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst.Dist.Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana, following a plea of nolo contendere before a jury. The punishment was assessed at two years, but imposition of the sentence was suspended and the appellant was placed on probation.

The record reflects that after the jury was impaneled, it was retired and a hearing on appellant's motion to suppress the evidence was conducted. At the conclusion of the hearing on said motion, the court overruled the same and the jury was returned.

Thereafter, the statement of facts reveals the following:

"MR. NEIL: Your Honor, at this time the State would like to call R. C. Nelson.

"MR. HUMPHREYS: May it please the court, at this time the Defendant wishes to change his plea of not guilty to nolo contendere.

"THE COURT: All right. Let the record show that the Defendant changes his plea to one of nolo contendere.

"MR. HUMPHREYS: And Your Honor, if the Court please—

"THE COURT: Ladies and gentlemen of the jury, that plea simply means that

the Defendant is changing his plea from not guilty in effect, he has pleaded guilty.

"MR. NEIL: We'd like to call R. C. Nelson to the stand, please."

The evidence was then presented without the appellant having been admonished by the court of the consequences of his plea, as required by Art. 26.13 Vernon's Ann.C. C.P., which states:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The provisions of Art. 26.13, supra, are mandatory, and the failure of the trial court to comply therewith is reversible error. Williams v. State, Tex.Cr.App., 415 S.W.2d 917; Braggs v. State, 169 Tex.Cr. R. 405, 334 S.W.2d 793; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779. Noncompliance with said statute may be raised at any time. Williams v. State, supra. In the interest of justice, we consider the noncompliance as unassigned error under Art. 40.09, Sec. 13, V.A.C.C.P. See Butler v. State, Tex.Cr.App., 462 S.W.2d 596; Heltzel v. State, Tex.Cr.App., 462 S.W.2d 289; Allison v. State, Tex.Cr.App., 423 S.W.2d 326; Wilson v. State, Tex.Cr. App., 407 S.W.2d 508.

In Wilson v. State, Tex.Cr.App., 436 S.W.2d 542, this court stated that the proper time for admonishing a defendant of the consequences of his plea of guilty is upon arraignment and before a jury is impaneled. However, in a situation like the instant case, where the plea is changed from not guilty to nolo contendere (or guilty) the jury should forthwith be retired and the defendant admonished pur-

suant to Art. 26.13, supra. See also Art. 27.13 V.A.C.C.P.

For the reason stated, the judgment is reversed and the cause remanded.