**Marcelo BUSTILLOS et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46436.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Joseph (Sib) Abraham, Jr., Anthony C. Aguilar, El Paso, for appellants.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a judgment entered in a bond forfeiture proceeding.

Appellants' sole contention is that "the court abused its discretion in forfeiting said bond inasmuch as there was a fatal variance between the judgment nisi alleging principal failed to appear for arraignment and evidence showing principal had appeared for arraignment."

Both the bond and the judgment nisi were admitted into evidence at the hearing to determine why final judgment should not be entered. No claim is advanced that there is a fatal variance between the bond and the judgment nisi.

The record reflects that the principal was to appear for arraignment on June 16, 1972. He appeared on that date and entered a plea of not guilty, but was not represented by counsel. He was then instructed to return to court on June 23, 1972, with an attorney. On that date he appeared with a letter from his attorney, Albert Armendariz, to the effect that Armendariz would represent the principal. This was unsatisfactory with the court and the principal was instructed to appear on June 30, 1972, with his attorney in person. On June 30, Armendariz appeared and informed the court he did not represent the appellant who did not appear. It was this failure to appear which resulted in these bond forfeiture proceedings.

The record further reflects that the principal was eventually arraigned on July 14, 1972, at which time he was represented by court-appointed counsel.

Article 26.01, Vernon's Ann.C.C.P., does require a statutory arraignment in all felony cases and in all misdemeanor cases punishable by imprisonment. Such arraignment, not being a part of trial by jury, is for the purpose of reading the indictment to the accused, hearing his plea thereto and fixing his identity. Article 26.02, Vernon's Ann.C.C.P.; Boening v. State, 422 S.W.2d 469, 473 (Tex.Cr.App.1968); Steen v. State, 92 Tex.Cr.R. 99, 242 S.W. 1047 (1922).

It is appellants' contention that the principal had been arraigned on June 16, 1972, and that there was no necessity for

him to re-appear on June 30 for re-arraignment. It does appear the principal entered a plea of not guilty on June 16, but it does not appear he was fully and duly arraigned. Further, it appears that the court followed the practice of arraigning defendants only where they were represented by counsel. And it clearly appears from the record that the setting on June 30 was for the purpose of "arraignment."

We find no variance between the judgment nisi reflecting the principal's failure to appear for arraignment and the evidence offered prior to the entry of the final judgment.

Further, the bond required the principal's appearance at any time and any place as "may be required under the Code of Criminal Procedure of the State of Texas or by any court or magistrate, and for all subsequent proceedings had relative to said charge" (Possession of Marihuana).

The judgment is affirmed.