Walter **VON BURLESON,** Appellant,

v.

**The STATE of Texas,** Appellee.

**No. 47564.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

**554**

Kerry P. FitzGerald (Court appointed on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

The first paragraph of the indictment in this case charged appellant Walter Von Burleson with the offense of burglary, and for the purpose of enhancement of punishment alleged two prior convictions for similar offenses. The jury found the appellant guilty of the offense charged and that the allegations of prior convictions were true. Sentence is confinement for life in the Texas Department of Corrections.

Appellant was arrested inside a school building where the burglary was alleged to have occurred. Two school security guards and a policeman testified that while the appellant was detained at gunpoint by the security guards, appellant, in response to the question of the policeman who was investigating the incident, stated orally that he entered the school building through a window of a certain room. Counsel for the accused filed a motion to exclude from the jury any testimony concerning oral or written admissions or confessions prior to a hearing thereon and the filing of findings of fact and conclusions of law by the trial judge. When the motion was presented at pretrial, just before commencement of trial on the merits, the trial judge announced that he would act on the motion "at the time the matter comes up . . . . I will take that up if you will

draw it to the court's attention." Counsel in the case, defense and prosecution, registered no objection to the announced procedure. The motion was not re-urged nor objections made when prosecution counsel elicited the testimony now in question.

After both defense and prosecution had rested, but before argument in the guilt phase of the trial, counsel for appellant moved for a mistrial because the statement imputed to him by the witnesses was made after he was placed under citizen's arrest, and that he, the appellant, was not warned "of his statutory and constitutional rights in accordance with Article 38.22, V. A.C.C.P." The motion was overruled. It is argued in this appeal that appellant's alleged statement did not lead to the finding of secreted or stolen property, or the instrument with which the burglary was committed and was not res gestae in character. No motion was made in the trial court to withdraw the testimony regarding appellant's statements from jury consideration, and, as previously noted, no objection to its admission was made when it was elicited. Error in admission of an officer's testimony recounting an incriminating oral statement made by the accused while under arrest was held to be "cured by the court's instruction to the jury not to consider the evidence for any purpose" in Harris v. State, 375 S.W.2d 310 (Tex.Cr.App.1964). If the evidence in question should be condemned as improper and not admissible, the relief the accused was entitled to have was an instruction to the jury to disregard it; and not the more disruptive relief of mistrial which was demanded to the exclusion of any other. See also, Taylor v. State, 489 S.W.2d 890 (Tex.Cr.1973). Error is not shown.

At the penalty stage of the trial, his counsel plead nolo contendere to the allegations of the indictment alleging prior convictions. Error is now asserted on the grounds that the trial judge was obligated by Article 26.13, Vernon's Ann.C.C.P., to admonish appellant of the consequences of

a nolo contendere plea and to proceed with trial as provided in the mentioned article. No error is shown. The plea to the indictment at the punishment stage of the trial is a special plea contemplated and sanctioned by Art. 37.07, § 1, V.A.C.C.P. Davis v. State, 429 S.W.2d 895 (Tex.Cr.App.1968); Hathorne v. State, 459 S.W.2d 826 (Tex. Cr.App.1970); and concurring opinion in Baker v. State, 437 S.W.2d 825 (Tex.Cr. App.1969). It has heretofore been settled that the provisions of Art. 26.13, V.A.C.C. P., are not applicable to the punishment phase of the case. Crowder v. State, 424 S.W.2d 637 (Tex.Cr.App.1968), and see also, Preston v. State, 457 S.W.2d 279 (Tex.Cr.App.1970).

■ Under his third ground of error appellant argues that the State failed to prove the 1969 burglary conviction alleged in the second paragraph of the indictment was committed subsequent to the conviction for the 1967 burglary alleged in the third paragraph. The record does not sustain the argument. The conviction first alleged (second paragraph of the indictment) was in Cause No. 69–2486–HK. The judgment in such case was a part of an exhibit introduced by the State. In such judgment it is recited that the defendant committed the offense charged on the 12th day of April, 1969, and judgment of conviction was rendered May 8, 1969. The second conviction alleged (third paragraph of the indictment) was in Cause No. C–67–1380–JH. Such judgment is among the exhibits and recites that the defendant committed the offense charged on the 6th day of February, 1967, and that the judgment of conviction was rendered June 20, 1968. These records show conclusively that commission of the offense charged and conviction therefor in Cause No. 69–2486–HK were subsequent in time to commission of the offense and conviction therefor in Cause No. C–67–1380–

JH. Proof of the time of commission of the offense alleged and conviction therefor by recitals of the pertinent judgments was specifically approved in Espinosa v. State, 463 S.W.2d 8 (Tex.Cr.App.1971).

■ Appellant testified in the course of cross-examination by the prosecution counsel that if he had given his real name at the time of his arrest the police would have checked and found his record and automatically arrested him because of his record. In response to an unfinished question, the appellant stated: "They messing with you all the time out there if you have got a record." Prosecution counsel stated: "In your case that's well justified." Objection was made to the prosecutor's remark. The court sustained the objection and instructed the jury to disregard the statement but overruled appellant's motion for mistrial. It is argued that the prosecutor acted irresponsibly in making the remark and characterizes it as a deliberate effort to vilify and malign the character of the accused by resort to personal abuse. Undoubtedly it was serious error for the prosecutor to voice the sentiment he expressed. Nevertheless, the trial judge's prompt action in sustaining the objection and admonishing the jury not to consider such remark in the context of the whole trial was sufficient to cure the prosecutor's error. The impropriety was low-keyed sarcasm, completely out of place but not constituting a denunciation that would so inflame a jury that the trial judge's instruction would be ineffective. See Blassingame v. State, 477 S.W.2d 600 (Tex.Cr. App.1962); Ortiz v. State, 490 S.W.2d 594 (Tex.Cr.App.1973).

Error requiring a reversal of the judgment is not shown. Accordingly, the judgment of the trial court is affirmed.

Opinion approved by the Court.