**Felix RICONDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58970.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1981.

On Rehearing En Banc June 30, 1982.

Ernest G. Valdez, Thomas Rocha, Jr., court appointed on appeal, San Antonio, for appellant.

Bill M. White, Dist. Atty., Sharon S. Mac-Rae, David A. Berchelmann, Jr., and Robert H. Ozer, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for possession of heroin. Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment.

The appellant, by ground of error four, contends that his plea of guilty cannot

stand because the trial court failed to correctly admonish him as to the range of punishment to be assessed. The record reflects that after the indictment was read to the jury, the appellant refused to enter a plea. The trial judge entered a plea of not guilty for appellant, Art. 26.12, Vernon's Ann.C.C.P. The first witness was then called to the stand. Shortly thereafter, defense counsel approached the bench and informed the court that his client wanted to enter a plea of guilty and let the jury assess his punishment. The first witness was allowed to complete his testimony, then the jury was retired from the courtroom and the appellant was questioned concerning his desire to change his plea.

The court gave the following admonishment concerning the range of punishment:

"THE COURT: The offense you are charged with, the possession of heroin, is a second degree felony. Of course, in your case it is an enhanced punishment. But, second degree felonies are punishable by a minimum of two years, a maximum of twenty years, and, in addition, you can be—that is in the Texas Department of Corrections and, in addition, you can be fined not to exceed ten thousand dollars. Understanding what the punishment can be do you still persist in entering a plea of guilty?"

THE DEFENDANT: Yes, sir."

Nowhere in the record is there any indication that the appellant was informed he would be assessed a mandatory sentence of life imprisonment upon a finding of guilt and a finding of true to the enhancement allegations of the indictment.[1]

Article 26.13(a)(1), Vernon's Ann.C.C.P., recites,

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense; ..."

---

1. When the trial court asked for appellant's plea to the second and third paragraphs of the indictment, defense counsel responded:

"Judge, the defendant neither admits or denies the second and third paragraphs of the indictment."

The judge entered a plea of "not true" for the appellant.

The purpose of this admonishment is to insure that the defendant entered his plea with full knowledge of its consequences. An affirmative showing of such knowledge is constitutionally required. *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.1979) (Opinion on Rehearing). The requirements of Article 26.13, supra, are mandatory and the failure of the trial court to comply with the statute may be raised at any time. *Williams v. State*, 415 S.W.2d 917 (Tex.Cr. App.1967).

In *Taylor v. State*, 591 S.W.2d 826 (Tex. Cr.App.1980), the case was reversed on original submission because of an improper admonishment regarding the punishment range upon entry of the defendant's guilty plea.

Taylor was charged with aggravated robbery and two prior felony convictions were alleged for enhancement purposes. The court, in admonishing the defendant, stated:

"JUDGE: You plead guilty knowing that the penalty could be up to life imprisonment?

MR. TAYLOR: Yes, sir.

JUDGE: And the lowest you could get, would be what, five years?

MR. DIETZE (District Attorney): Assuming he is found guilty, habitual, assuming he is the same person, two previous convictions, it would be automatic life.

JUDGE: You understand all about that and you still want to plead guilty?

A. Yes, sir."

On rehearing, the court recognized that it is the responsibility of the trial court to admonish the defendant concerning the consequences of his guilty plea. The Court found that the words of the prosecutor were adopted by the trial court; thus, there was substantial compliance with Art. 26.13, supra.

In the instant case, however, we are unable to conclude that there was substantial compliance with the requirements of Art. 26.13, supra. See *Henderson v. State*, 619 S.W.2d 175 (Tex.Cr.App.1981); Cf. *Teamer v. State*, 557 S.W.2d 110 (Tex.Cr.App.1977); *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr. App.1981) (Opinion on Rehearing). The appellant was informed that the maximum punishment which could be assessed was twenty years and a $10,000 fine; yet he was sentenced to life imprisonment.

For the failure to admonish the appellant concerning the consequences of his plea, we reverse and remand the cause.

Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

The appellant, convicted of possession of heroin, had his punishment assessed at life imprisonment by the jury as a result of the allegation and proof of two prior felony convictions.

On original submission a panel opinion reversed the conviction because of the trial court's failure to properly admonish the appellant, following his guilty plea, as to the full range of punishment applicable.

The facts have not been satisfactorily explained in any of the opinions. The facts are essential to the proper disposition of this appeal, given the somewhat unorthodox procedure engaged in by the trial court.

The appellant, represented by counsel, waived arraignment,[1] requested the jury to assess punishment and filed a motion to suppress evidence. After the jury was selected, the court conducted a hearing on the motion to suppress and overruled it. When the first paragraph of the indictment relating to the primary offense was read to the jury, the appellant refused to plead thereto. The trial court then entered a plea of not

---

1. The printed form of waiver of arraignment used reflected no plea by the appellant to the indictment. The purpose of arraignment is to read the indictment to the accused, hear his plea thereto and fix his identity. *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974). See also *Bustillos v. State*, 490 S.W.2d 563 (Tex.Cr. App.1973); *Lamb v. State*, 409 S.W.2d 418 (Tex.Cr.App.1966). There is no space on the form to indicate the plea.

guilty for him. The State's first witness was the chemist (a criminalist) who testified as to his analysis of the substance delivered to him. His testimony was interrupted by appellant's counsel informing the court that appellant wanted to change his plea to guilty before the jury and have it assess punishment. The court ordered the interrogation of the chemist be concluded. Thereafter, the jury was removed and the court made inquiry about the change in pleas. The appellant stated he wanted to plead guilty before the jury. The court commenced to admonish him in accordance with Article 26.13, V.A.C.C.P., but no inquiry was made as to whether the "guilty" plea was to any more of the indictment than that which had been read to the jury (the primary offense). As to the range of punishment, the record reflects:

"THE COURT: The offense you are charged with, the possession of heroin, is a second degree felony. *Of course, in your case it is an enhanced punishment.* But, second degree felonies are punishable by a minimum of two years, a maximum of twenty years, and in addition, you can be—that is in the Texas Department of Corrections. And, in addition, you can be fined not to exceed ten thousand dollars. Understanding what the punishment can be do you still persist in entering a plea of guilty?

"DEFENDANT: Yes, sir.

\*    \*    \*    \*    \*    \*

"THE COURT: All right. I don't see any—if he wants to plead guilty—*you understand that you are charged in an enhanced situation in which they have alleged prior convictions against you in order to enhance the punishment;* you are aware of that?

"DEFENDANT: Yes, sir." (Emphasis supplied.)

The jury was returned to the courtroom, where the trial court orally informed the

jurors appellant had changed his plea and that the appellant had now entered a guilty plea. Thereafter, the State called the arresting officers as witnesses. Although, after the guilty plea before the jury, the only issue remaining was punishment, the State did not offer any evidence as to the alleged prior convictions. The State then rested and the appellant rested. No charge was given to the jury at this point. The record then reflects:

"THE COURT: All right. Read them the second and third counts of the Bill of Indictment,[2] counsel.

\*    \*    \*    \*    \*    \*

"(Thereupon, at this time, the second and third counts of the Bill of Indictment were read to the jury by Mr. MacRae.)

"THE COURT: All right. What is the defendant's plea to the second and third counts?

"MR. HERNANDEZ (Defense Counsel): Judge, the defendant neither admits or denies the second and third paragraphs of the indictment.

"THE COURT: Then I will enter a plea for him . . . ."

Thereafter, the State offered evidence as to the two alleged prior felony convictions and the appellant testified at that phase of the proceedings to which the trial court referred to as the "punishment phase." The court then submitted the only charge given entitled "Court's Charge on Punishment." The charge informed the jury the appellant had pleaded guilty to the charge of possession of heroin, but unlike normal jury instructions in such situations, the jurors were not expressly instructed to find the appellant guilty. The verdict forms, however, submitted to the jury with the charge, all commenced "We, the jury, find the defendant, Felix Ricondo, guilty as charged in the indictment . . . ." The charge, however, informed the jury that appellant's plea to both the second and

---

2. Allegations as to prior convictions for the enhancement of punishment do not constitute "counts" in the indictment. *Square v. State,* 145 Tex.Cr.R. 219, 167 S.W.2d 192 (1942); *Beck v. State,* 420 S.W.2d 725 (Tex.Cr.App. 1967); *Steward v. State,* 422 S.W.2d 733 (Tex. Cr.App.1968); *Baker v. State,* 437 S.W.2d 825 (Tex.Cr.App.1969) (Concurring Opinion on Appellant's Second Motion for Rehearing).

third paragraphs of the indictment alleging prior convictions for enhancement of punishment was "not true."

The jury was instructed that if they found beyond a reasonable doubt that the appellant had been twice previously convicted as alleged they would assess his punishment at life imprisonment. The jurors were further instructed that if they found, beyond a reasonable doubt, that appellant had been convicted only of one of the prior convictions as alleged, they would assess his punishment for life imprisonment or for a term of not more than 99 or less than five years.[3] In addition, the jurors were told that if they found from the evidence beyond a reasonable doubt or had a reasonable doubt that the appellant had not been twice previously convicted as alleged they should assess his punishment at a term of years of not more than 20 or less than two years, and in addition could impose a fine not to exceed $10,000.00.

The range of punishment was covered by the charge and was read to the jury by the court in the appellant's presence. There was no objection to the court's charge or to the rather unusual procedure used.

When the instant trial commenced, the prosecutor read only the first paragraph of the indictment (primary offense) to the jury. This was proper under Article 36.-01(1), V.A.C.C.P. The appellant refused to plead to that portion of the indictment, and the trial court entered a "not guilty" plea for him as it was required to do. See Article 26.12, V.A.C.C.P.

This, and other circumstances discussed, triggered a bifurcated jury trial under the provisions of Article 37.07, V.A.C.C.P.

When, however, the appellant, in the midst of trial, changed his plea before the jury to "guilty," the procedure should have become a unitary trial—with only the issue of punishment remaining.

Article 37.07(1), V.A.C.C.P., providing for bifurcated trials is, by its very terms, inapplicable to guilty pleas in felony cases either before a judge or jury. *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex.Cr.App.1972), and cases there cited. See also *Johnson v. State*, 492 S.W.2d 505 (Tex.Cr.App.1973); *Morales v. State*, 416 S.W.2d 403 (Tex.Cr. App.1967). See also *Thom v. State*, 563 S.W.2d 618 (Tex.Cr.App.1978). See and cf. *Nunez v. State*, 565 S.W.2d 536 (Tex.Cr. App.1978).

The bifurcated trial procedure in Texas was an innovation of the 1965 Code of Criminal Procedure applying originally to only non-capital felony where the plea before a jury was not guilty. There has been some evolution,[4] but before and after the enactment of the said 1965 Code and all the evolution a plea of guilty before a jury has remained a unitary trial. *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App.1968), stated a well settled rule concerning guilty pleas before a jury applicable under the former Code and the 1965 Code. In *Darden* this court wrote:

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. (Cases cited omitted.)" See also *Basaldua v. State*, supra, and cases there cited.

*Allen v. State*, 474 S.W.2d 480 (Tex.Cr. App.1971), pointed out:

" . . . It is not necessary to have a two-stage proceeding when a defendant enters a plea of guilty or nolo contendere before a jury. If such pleas are entered before a jury, their function is to determine punishment only." See also *Thomas*

---

3. This cause was heard on November 30, 1977, prior to the amendment to V.T.C.A., Penal Code, § 12.32, adding a fine as an additional possible punishment for a first degree felony. See also V.T.C.A., Penal Code, § 12.42(b), in connection therewith as the primary offense is a second degree felony.

4. Some of the history of the later amendments, etc., between the effective date of the 1965 Code of Criminal Procedure (January 1, 1966) and 1972 can be found in *Basaldua*.

*v. State,* 477 S.W.2d 881 (Tex.Cr.App. 1972); *Gates v. State,* 543 S.W.2d 360 (Tex.Cr.App.1976); *York v. State,* 566 S.W.2d 936 (Tex.Cr.App.1978).

And only recently in *Frame v. State,* 615 S.W.2d 766 (Tex.Cr.App.1981), it was observed that once a guilty plea has been entered, the trial is not to be bifurcated, but rather a unitary procedure is to be used, regardless of whether the guilty plea is entered before a trial judge or a jury.

Despite the fact that pleas of guilty in felony cases either before a judge or jury have always been unitary proceedings, some confusion has existed among the bench and bar since the advent of Article 37.07, V.A.C. C.P. Records reaching this court frequently show courts bifurcating bench trials where the plea is guilty. Often the court will hear evidence, declare the defendant guilty, order a pre-sentence investigation and sometimes months later re-convene the "penalty stage" of the guilty plea, allowing the State and defense to offer evidence as to punishment or guilt. See and cf. *Moon v. State,* 572 S.W.2d 681 (Tex.Cr.App.1978); *Sullivan v. State,* 573 S.W.2d 1 (Tex.Cr.App. 1978); *Sommer v. State,* 574 S.W.2d 548 (Tex.Cr.App.1978); *Nunez v. State,* 565 S.W.2d 536 (Tex.Cr.App.1978); *Bean v. State,* 563 S.W.2d 819 (Tex.Cr.App.1978).

In footnote # 1 of *Frame v. State,* supra, it was stated:

"The record also shows the trial judge incorrectly bifurcated the trial. After the guilty plea was entered, the judge submitted a complete jury charge on guilt-innocent, then held the punishment phase of the trial with a second submission of a jury charge. We would point out that under the authority of *Basaldua v. State,* 481 S.W.2d 851 (Tex.Cr.App. 1972) and Article 27.13, V.A.C.C.P., once a guilty plea has been entered a unitary procedure is to be used. This applies whether the guilty plea is entered before a trial judge or a jury. Although erroneous, bifurcating a guilty plea trial does

not constitute reversible error under *Basaldua v. State,* supra. See also *Nunez v. State,* 565 S.W.2d 536, 539 (Tex.Cr.App. 1978, Concurring Opinion).

■ There can be no question in the instant case but that when the appellant changed his plea to guilty the proceedings should have become unitary proceedings and the appellant duly admonished as to the full range of punishment. The fact, however, that the proceeding was not so converted was irregular but does not in and of itself call for reversal. See *Frame v. State,* supra; *Basaldua v. State,* supra.

■ The question remains whether the failure to admonish under Article 26.13, V.A.C.C.P., under the peculiar circumstances as to the full range of punishment calls for reversal.

The instant trial commenced as a bifurcated trial under Article 37.07, supra, upon the appellant's not guilty plea. If it had so concluded, there would have been no requirement that the appellant be admonished as to the range of punishment for Article 26.13, supra, has no application to proceedings under Article 37.07, supra, and this would be true even if a defendant at the penalty stage of the bifurcated trial pleads "true" to the enhancement allegations of the indictment read to the jury for the first time at such stage of the trial. See Article 36.01(1), V.A.C.C.P. See *Crowder v. State,* 424 S.W.2d 637 (Tex.Cr.App. 1968); *Williams v. State,* 504 S.W.2d 477 (Tex.Cr.App.1974); *Von Burleson v. State,* 505 S.W.2d 553 (Tex.Cr.App.1974).[5]

In the instant case the court continued the trial as a bifurcated one despite the change in plea, and permitted the appellant to piecemeal his pleas to the primary offense and to the enhancement allegations. When he refused to plead at the penalty stage of the trial, the court entered a "not true" plea for him. The enhancement allegations were presented to the jury in the charge as contested issues and the State

---

**5.** It has been suggested, however, that where the plea is "true" to the enhancement allegations, the better practice is to admonish. *Preston v. State,* 457 S.W.2d 279 (Tex.Cr.App. 1970); *Harvey v. State,* 611 S.W.2d 108, 112 (Tex.Cr.App.1981).

was required to prove the same beyond a reasonable doubt.

However unorthodox the procedure was, we cannot conclude under the particular circumstances that reversible error is reflected by the failure to admonish as to the full range of punishment.

■ Appellant also contends the trial court erred in not allowing him to plead guilty before the jury.

As earlier observed, the appellant refused to enter a plea at the time the indictment was read to the jury. The court then entered a not guilty plea for him. During the interrogation of the first witness, the appellant indicated to the court he desired to change his plea to "guilty." When the first witness' interrogation was completed, the jury was removed and the appellant entered a guilty plea, was admonished, including range of punishment as to primary offense, etc. When the jury was returned, the court orally informed them the appellant had changed his plea to guilty. After a further explanation of the procedure which would be followed, the record reflects:

"THE COURT: I have asked him for his plea and he said his plea was guilty. Do you want to—just have a seat right there. You are pleading guilty, you plead guilty?

"MR. HERNANDEZ (Appellant's Counsel): I pled guilty for him.

"THE COURT: Your plea is guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: That is you plea?

"THE DEFENDANT: Yes, sir."

In view of the record, we find no merit in appellant's contention.

■ Appellant further urges that the trial court erred in failing to grant his pre-trial motion for suppression of evidence. After a hearing, the court overruled the said motion. There was no plea bargain under Article 44.02, V.A.C.C.P., so that the ruling on the pre-trial motion would be appealable without the trial judge's approval by virtue of the express provisions of the statute. See *Riggall v. State*, 590 S.W.2d 460 (Tex. Cr.App.1979). Further, from the record it cannot be said that the guilty plea, entered after the trial commenced, was not voluntary because induced by an agreement, approved by the court, that the question on the motion to suppress could be appealed when that agreement could be carried out. *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr. App.1981); *Mooney v. State*, 615 S.W.2d 776 (Tex.Cr.App.1981). Cf. *Galitz v. State*, 617 S.W.2d 949 (Tex.Cr.App.1981).

In *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979), this court wrote:

"It has long been held that by entering a plea of guilty the defendant waives the error, if any, in admitting evidence obtained as a result of an alleged search and seizure. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972), and cases cited. This rule has been applied to cases where pretrial motions to suppress have been overruled and the defendant later enters a plea of guilty." Cf. *Wheeler v. State*, 628 S.W.2d 800 (Tex.Cr.App.1982).

■ Appellant also urges that at the hearing on the pre-trial motion to suppress the court erred in refusing to cause the State to reveal the name of the informer. In light of the authorities cited above, the appellant is in no position to complain of the ruling on the motion to suppress in view of his guilty plea. Further, there was no showing that the informer had taken a material part in bringing about the possession of the controlled substances by the appellant, was present at the time of the alleged offense and arrest or was otherwise a material witness. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Bosley v. State*, 414 S.W.2d 468, 471 (Tex. Cr.App.1967); *Acosta v. State*, 403 S.W.2d 434 (Tex.Cr.App.1966); *Etchieson v. State*, 574 S.W.2d 753 (Tex.Cr.App.1978), cert. den. 440 U.S. 936; *O'Quinn v. State*, 462 S.W.2d 583 (Tex.Cr.App.1970); *Hamilton v. State*, 438 S.W.2d 814 (Tex.Cr.App.1969). Appellant's contention is overruled.

■ Next, appellant urges the court erred in permitting the introduction of pen packets as to the prior convictions alleged without the proper predicate being laid. At

the "penalty stage" of the trial a fingerprint expert witness identified known prints of the appellant taken by the witness as being identical with fingerprints contained in the pen packets relating to the prior convictions alleged. Upon the offer of the pen packets into evidence, appellant's only objection seems to be that in one of the prior convictions the judgment placing him on probation was in 1966 and the sentence, following revocation of probation, was in 1968. On appeal appellant complains of the certification attached to the pen packets. The contention raised on appeal is not the objection offered in the trial court and presents nothing for review. See *Graham v. State*, 546 S.W.2d 605 (Tex.Cr.App.1977). Further, an examination of the certification reveals no deficiency. The judgments and sentences contained in the pen packets are duly certified by the District Clerk of Bexar County and would have been admissible under Article 3731a, V.A.C.S., independent of the pen packets. It is common knowledge that inmates are not accepted at the Department of Corrections without certified copies of the judgment and sentence showing a conviction for a felony, which papers then become official records of the Department of Corrections.

Appellant's reliance upon *Scott v. State*, 553 S.W.2d 361 (Tex.Cr.App.1977), involving a certification on a Louisiana pen packet, is misplaced. As earlier noted, the appellant complains of the certification and lack of predicate for the first time on appeal. No error is presented.

State's motion for rehearing is granted. The judgment is affirmed.

TEAGUE, J., concurs in the result.

CLINTON, Judge, dissenting.

Enough members of the Court found that the State's motion for rehearing so stoutly contested our treatment of appellant's ground of error four that leave to file was granted to reconsider what appears to be a matter of first impression. Upon reflection, however, we should overrule the motion. Since a majority decide otherwise, a few words of further explanation may be helpful to understanding my conclusion that the trial court had not substantially admonished appellant of "the *consequences* of his plea." [1]

From the point when appellant made it known to the trial court that he desired to change his plea, the proceedings never got on the right track.[2] The trial on a plea of guilty is not bifurcated, *Thom v. State*, 563 S.W.2d 618, 619 (Tex.Cr.App.1978); there is no reason for a separate trial as to punishment, *Brown v. State*, 487 S.W.2d 86, 87, n. 1 (Tex.Cr.App.1972); *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex.Cr.App.1972). Once the trial court accepted appellant's change of plea to guilty, his right to trial by jury unwaived, Article 26.14, V.A.C.C.P., came into play, and all that remained for the jury was to hear such evidence as would enable jurors to decide what punishment should be assessed. With allegations of two prior convictions alleged for enhancement to mandatory life, however, the real function of the jury was narrowed to finding whether allegations of one or both prior convictions were true, in order that punishment be assessed accordingly. In short, what started as a bifurcated trial was about to become a unitary one—or should have.

It is apparent that the State posits its analysis of available law on the hybrid bifurcated proceedings that followed, while the real questions to be decided are the extent of admonishment as to punishment when mandatory life confinement is possible, and the place for taking pleas on en-

---

1. All emphasis is added unless otherwise indicated.

2. The trial court is not to be faulted for permitting the examination of Peter T. Ausili to be completed before attending to the matter of change of plea. But in admonishing appellant just of penalties for a felony of the second degree, the court (as well as the parties) continued along the lines of the usual bifurcated trial, for it omitted completely any reference to the range of enhanced punishment before concluding, "Understanding what the punishment *can be* do you still persist in entering a plea of guilty?" and receiving an affirmative answer from appellant.

hancement allegations, in a unitary trial on a plea of guilty.

The State asserts that Article 26.13, V.A. C.C.P., is applicable only to the primary offense to which appellant pleaded guilty. Yet, the purpose of cautioning an accused through the statutorily prescribed admonition before accepting a plea of guilty, Article 26.13, supra, "is to insure that the defendant entered his plea with full knowledge of its consequences," and its function is to make "[a]n affirmative showing of such knowledge [that] is constitutionally required as well. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Cr.App.1979). A proper admonishment must be given whenever the occasion is presented during the course of a criminal prosecution, in this instance when the plea is being changed from not guilty to guilty after the prosecutor begins to present evidence before the jury. *Crawford v. State*, 466 S.W.2d 319, 320 (Tex.Cr.App.1971).[3]

Implicit in every opinion delivered in *Taylor v. State*, 591 S.W.2d 826 (Tex.Cr. App.1979–1980), is that upon a plea of guilty to an indictment alleging prior convictions for enhancement of punishment mandatorily to life imprisonment the accused must be admonished as to such consequence of his plea. What divided the Court was whether during admonishment by the court a comment interjected by the prosecutor, indicating punishment "would be automatic life," constituted substantial compliance with Article 26.13,[4] supra. Thus, the requirement of admonishment does obtain in the premises, and the opinion on original submission is correct on that score.

Quite understandably, the State alludes to and the majority opinion mentions obliquely the recent opinion of the Court in *Harvey v. State*, 611 S.W.2d 108, 112 (Tex. Cr.App.1981) with respect to taking pleas on enhancement allegations of prior convictions. *Harvey* is really not in point, however, for there was a truly bifurcated trial by jury, the defendant pleading "true" to the enhancement allegation at the outset of the punishment phase, *id.*, at 109.

When the only issue in a case such as the one at bar becomes punishment, that issue is not joined until an accused, whose guilty plea has been accepted upon proper admonishment of the full range of punishment available through enhancement, pleads to the allegations of prior convictions.[5] Thus, that plea proceeding logically follows acceptance of the guilty plea but comes before evidence on punishment is adduced. Though the plea here came well into the punishment trial, after the State had "rested," all parties acquiesced in that unorthodox sequence.

However, for failure of proper admonishment as to full consequences of his plea of guilty, the judgment of the Court on original submission should be upheld by now denying the State's motion for rehearing. Because the Court does not, I respectfully dissent.

ROBERTS, ODOM and W. C. DAVIS, JJ., join.

3. That the *Crawford* Court addressed the question in the interest of justice was disapproved in *Ex parte Taylor*, 522 S.W.2d 479, 480–481, n. 1 (Tex.Cr.App.1975); however *Taylor* made it a point to emphasize that "we do not diminish the requirement of complying with Article 26.-13," *id.*, at 482.

4. "On reconsideration we conclude that in this case the basic essentials of substantial compliance were present in the admonishment on the *range of punishment* set out above. Although

the prosecutor spoke the words used to inform appellant of the *automatic life sentence* that could be imposed, it was the trial judge who first elicited that information from the prosecutor while addressing appellant...," *id.*, at 830.

5. Or, as here, when the accused stands mute and the court enters a plea of "not true," thereby creating a punishment issue. I do not intimate any view whatsoever had the plea been "true."