Opinion issued April 3, 2003  










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00392-CR




EVONE WATSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 878942




MEMORANDUM OPINION
          Evone Watson, appellant, was charged in Cause Number 878941 with burglary
of a habitation


 and in Cause Number 878942, the subject of this appeal, with
possession of less than one gram of cocaine,


 enhanced by two prior felony
convictions. Appellant pleaded guilty to possession of less than one gram of cocaine
and true to the two enhancement paragraphs. The jury was instructed to find
appellant guilty in Cause Number 878942, which it did. The trial court assessed
punishment at 10 years’ confinement. We affirm.
Procedural Background
          At the time of entering a plea of not guilty to the offense of possession of
cocaine, appellant filed an election that the trial court assess his punishment if a guilty
verdict were returned by the jury. After the jury was sworn, appellant pleaded guilty
to the charge of possession in open court without the jury present. Appellant also
pleaded true to the two enhancement paragraphs in open court without the jury
present. The trial court instructed the jury to find appellant guilty of possession of
less than one gram of cocaine. The trial proceeded and testimony was heard
regarding the burglary charge. The jury found appellant guilty of possession of
cocaine and guilty of the lesser included offense of criminal trespass. The trial court
then assessed punishment. Appellant’s trial counsel did not object to the trial court’s
assessing punishment or imposing sentence.Issue
          In his sole point of error, appellant argues that the trial court erred in assessing
punishment rather than having the jury assess punishment. Appellant contends that
because he entered a plea of guilty to the jury, the normal bifurcated trial in Texas
became a unitary proceeding in which the fact finder’s only job was to assess
punishment. See Carroll v. State, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998);
Ricondo v. State, 634 S.W.2d 837, 841-42 (Tex. Crim. App. 1982). Appellant argues
that because he did not file a waiver of trial by jury and only filed an election that the
trial court assess punishment, the trial court erred in assessing punishment.Preservation of Error
          Appellant’s sole point of error was not preserved for our review. See Tex. R.
App. P. 33.1. As a general rule, an appellant may not assert error pertaining to his
sentence or punishment when he failed to object or otherwise raise such error in the
trial court. Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). 
Therefore, because appellant failed to object to the trial court’s punishment and
sentence on the grounds alleged by his sole point of error, it has been waived. See
Steadman v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d). 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).