IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00048-CR

 

Shannon James Wheat,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court # 03-02353-CRF-272

 



MEMORANDUM 
Opinion



 

Appellant, Shannon James Wheat, was
convicted on a three count indictment.  In
front of the jury, Wheat pled guilty to counts one and three alleging indecency
with a child (two different victims), and he pled not guilty to count two
alleging sexual assault with the same victim and offense-date as count
three.  The guilt-innocence phase of
count two followed.  Wheat was convicted
by the jury on all three counts.[1]  After a punishment hearing, the jury assessed
punishment at seven years and a fine of $5,000 on the first count, 15 years and
a $5,000 fine on the second count, and eight years and a $5,000 fine on the
third count.  The trial court cumulated
the three sentences.

Wheat appeals in six issues: (1)
error in failing to provide admonishments required by the Texas Code of
Criminal Procedure article 26.13 to ensure voluntariness of Wheat’s guilty pleas
to the first and third counts; (2) abuse of discretion in denying a motion for
severance of the second count from the first and third counts; (3) error in
refusing a severance of count two from counts one and three as a matter of law;
(4) error in refusing to submit a charge instructing the jury regarding double
jeopardy relating to punishment for the second and third counts; (5) denial of
his right to a pre-sentence report before the trial court cumulated the three
sentences; and (6) error in cumulating the sentences on the third count and
first count.

We will sustain issue two, reverse
the three convictions, sever count two from counts one and three, and remand
for a new trial on count two and a new punishment hearing on the guilty pleas
to counts one and three.  Based on issue
two, we need not address issues three, four, and six.  We note that the State admitted error in
issues one and five; however, we will not perform a harm analysis on these
issues because we reverse the judgments for another reason.  

PROCEDURAL
BACKGROUND

Wheat was indicted in a three count
indictment: (1) on or about June 1, 2001, indecency with a child, J.C.; (2) on or about June 1, 2001, aggravated sexual assault with a child, J.W.; [2]
and (3) on or about June 1, 2001, indecency with a child, J.W.  Tex.
Pen. Code Ann. § 21.11 (Vernon 2003), § 22.011 (Vernon Supp. 2004-05). 
Wheat intended to plead guilty to counts one and three.  Prior to trial, Wheat sought a severance of
count two from counts one and three on the basis that hearing such pleas in the
same trial would prejudice his opportunity to defend against count two, in
which he intended to plead not guilty.  Tex. Pen. Code Ann. § 3.04(c) (Vernon 2003).  The trial court denied the motion for
severance.  The guilty pleas to counts
one and three were heard in front of the jury. 
Next, the same jury heard the guilt-innocence phase of count two.  The jury was then charged and found Wheat
guilty on the three counts.  This same
jury assessed punishment for the three counts, and the judge cumulated the
three sentences.

FACTUAL
BACKGROUND

Wheat was the lead athletic trainer
at Livingston High School.  He
offered to take student trainers to his grandmother’s farm to work for a day
and make some money.  Often they did not
return the same day so they would stay overnight in a hotel.  J.W. testified that Wheat would give him
pills to prevent him from snoring, and he would fall asleep quickly.  J.W. testified that Wheat put his mouth on
J.W.’s penis on four occasions, and there was hand or oral contact on 30
different occasions.  J.W. also testified
that he told the officer that the oral contact may or may not have been a
dream.  The defense presented evidence of
count one and other offenses committed by Wheat to demonstrate a common scheme
of touching and not oral contact: (1) J.C. testified that Wheat took him on a
trip, gave him a pill at the motel, and touched J.C.’s penis, but there was no
oral contact; (2) J.F. testified that Wheat took him on a trip, attempted to
touch J.F.’s penis, but there was no contact with Wheat’s mouth; and (3) T.H.
testified that Wheat took him on a trip, touched T.H.’s penis, but Wheat made
no contact with his mouth.




ISSUE
TWO: SEVERANCE

Standard

Texas Penal Code section 3.04(c)
states:

The right to severance under this section does
not apply to a prosecution for offenses described by Section 3.03(b)(2)[3]
unless the court determines that the defendant or the state would be unfairly
prejudiced by a joinder of offenses, in which event the judge may order the
offenses to be tried separately or may order other relief as justice requires.

 

Tex. Pen. Code Ann. §
3.04(c).  Thus, this section provides for
a discretionary severance only in the event the trial court determines the
defendant or the state would be unfairly prejudiced by a joinder of
offenses.  Id.  We
review a denial of a discretionary severance under an abuse of discretion
standard.  See Howard v. State, 888 S.W.2d 166, 170-71 (Tex. App.—Waco 1994,
pet. ref’d).

Arguments

Wheat argues that if the trial court
had granted the severance: (1) the jury would not have learned of the indecency
offenses involving J.C. and J.W. until the punishment phase, if any, of the
trial on count two;[4] (2)
Wheat would not have been placed in the unique position of presenting his own
extraneous offenses as a defense to the offense charged in count two (i.e., Wheat says he was compelled to
present such evidence as a defense to count two); (3) extraneous offenses involving
J.F. and T.H. would not have been presented during the guilt-innocence phase as
defensive evidence; and (4) Wheat’s presumption of innocence on count two would
not have been unfairly prejudiced.  Wheat
asserts that in the absence of a severance he “was placed in the untenable
position of either giving up his right to plead guilty or giving up his right
to contest guilt to a different offense charged in count two.”  He argues that “[h]e did neither and suffered
the consequences of unfair prejudice by joinder of the three offenses.”  Wheat also argues that the trial court should
have conducted the statutorily-mandated unitary guilty plea proceeding on
counts one and three.

The State relies on Salazar v. State and argues that Wheat
was not unfairly prejudiced by the denial of the motion to sever, because it is
“likely” that the testimony of the victims in counts one and three would have
been admissible to refute Wheat’s defensive theory even if the cases had been
tried separately.  See Salazar v. State, 127 S.W.3d 255, 265 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  The State claims that Wheat’s defensive
theories were: (1) attacking the memory of the victim in count two; (2)
attacking the detective’s interview with the victim as being suggestive; and
(3) offering testimony of other victims to support the theory of no oral
contact by Wheat, only touching.

Relevant Law 


 Discretionary severance under section
 3.04(c)


We found two related cases regarding
discretionary severance under section 3.04(c). 
We will review these cases; however, we note at the outset that neither
of the cases involved any guilty pleas and thus do not directly address the
issue of whether denying a motion to sever cases involving both guilty and not
guilty pleas under section 3.04(c) is an abuse of discretion.

In Salazar v. State, a motion to sever was denied for four counts of
aggravated sexual assault against four victims, and appellant argued that the
denial was unfairly prejudicial against him. 
Salazar, 127 S.W.3d at
365.  The appellant’s defense consisted
of: (1) denying that the conduct occurred; (2) suggesting that the female
victims concocted the allegations to hide the fact that appellant caught two of
them doing something (of a sexual nature) they should not have been doing; (3)
claiming that the allegations were the result of suggestive questioning by
investigators; and (4) presenting evidence of appellant’s good character.  Id.  The
court noted that “[i]t is well-established that evidence of other crimes may be
admitted if it rebuts a defensive theory.” 
Id. (citing Moses
v. State, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003), and Wolfberg v. State, 73 S.W.3d 441, 443
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)).  The court held:

Therefore, even if the cases had been tried
separately, it is likely that in each case the testimony of the other victims
would have been admissible to refute the defensive theories that the
complainants concocted the story and that the allegations were the result of
suggestive questioning. . . .Accordingly, we find that the trial court could
have reasonably found that joinder of the cases was not unfairly prejudicial
against appellant; thus, the court did not abuse its discretion in trying the
cases together. 

 

Id. at 365-66 (emphasis added).

The court in Matthews v. State followed Salazar
and found the denial of a motion to sever did not unfairly prejudice the
appellant in a case involving ten indecency-with-a-child charges and one
aggravated sexual assault charge.  Matthews v. State, 2004 Tex. App. LEXIS 10734, *13-15 (Tex. App.—Tyler 2004, no pet. h.).  In Matthews,
appellant’s defensive theory was that the allegations against him were
concocted to extort the proceeds of an insurance check from him, or otherwise,
as a result of lack of parental attention, anger, resentment, or general
exposure to familial dysfunction.  Id. at *14. 
The court held:

[E]ven had Appellant’s cases been tried
separately, it is probable that the testimony of the other victims would have
been admissible to refute the defensive theory that the complainants for
whatever reason, concocted the story. . . .We conclude that the trial court
could have reasonably found that joinder of the cases was not unfairly
prejudicial against Appellant. 
Therefore, we hold that the trial court did not abuse its discretion in
trying the cases together. 

 

Id. at *15 (emphasis added).


 Bifurcation


Section 2(a) of article 37.07 of the
Texas Code of Criminal Procedure states:

In all criminal cases, other than misdemeanor
cases of which the justice court or municipal court has jurisdiction, which are
tried before a jury on a plea of not guilty, the judge shall, before argument
begins, first submit to the jury the issue of guilt or innocence of the
defendant of the offense or offenses charged, without authorizing the jury to
pass upon the punishment to be imposed.

 

Tex. Code Crim. Proc.
Ann. art. 37.07 § 2(a) (Vernon Supp. 2004-05). 
The Texas Court of Criminal Appeals has stated:

Prior to the 1965 Code of Criminal Procedure all
trials before the court or jury regardless of plea were unitary trials; that
is, the issues of guilt and punishment were submitted at the same time. A
bifurcated trial procedure was authorized in the 1965 revision of the Code of
Criminal Procedure. The bifurcation statute provides, “In all criminal cases,
other than misdemeanor cases of which the justice court or municipal court has
jurisdiction, which are tried before a jury on a plea of not guilty, the judge
shall, before argument begins, first submit to the jury the issue of guilt or
innocence of the defendant of the offense or offenses charged, without
authorizing the jury to pass upon the punishment to be imposed.”  The bifurcation statute “is applicable only
to pleas of not guilty before a jury.” 
The statute “has no application to a trial before the court on a plea of
not guilty.” 

 

Barfield
v. State, 63 S.W.3d 446, 449-50
(Tex. Crim. App. 2001) (footnotes omitted and emphasis added).  Thus, once a guilty plea has been entered,
the trial is not to be bifurcated, but rather a unitary procedure is to be
used, regardless of whether the guilty plea is entered before a trial judge or
a jury.  Ricondo v. State, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982).




Relevant Record Excerpts

During the
hearing on the motion to sever, Wheat’s attorney argued that Wheat would be
prejudiced if his client has to say “Yes, I’m guilty of this, yes, I’m guilty
of that, but, no, I’m not guilty of this other offense.”  Wheat’s attorney also argued for unitary
proceedings on the guilty pleas.  He
stressed that not only did he not want the jury to hear the guilty pleas to
counts one and three, but he also said that “there may be bad reputation
witnesses, there may be other bad acts that come in.”  The court considered hearing the trial on the
guilt-innocence phase of count two first, hearing the guilty pleas on counts
one and three outside the presence of the jury, and then regardless of the
verdict on count two, have the jury assess punishment.  Wheat’s attorney argued, and the court
agreed, that “if this jury is going to hear everything, then we’ve got to voir dire
on everything [including the full range of punishment].”  The court concluded: “I think that inasmuch
as Counts Two and Three are so intrinsically tied together, and inasmuch as I
think that there is a strong likelihood that Count One could be – I mean, I’m
not foreclosing the issue – but could be offered under 404(B), even as to
Counts Two and Three only, if we were to try Count Two separately.  I’m disinclined to grant the motion to
sever.  That will be overruled. . . .”

During voir dire,
Wheat’s attorney stated:

Unlike most trials, in this case we have
multiple counts.  And unlike most trials,
in this case, you’re going to hear that Shannon is pleading guilty to two of those counts.  Now there is going to be one count that is
going to be for you to decide whether the Government proves its case beyond a
reasonable doubt.

 

During Wheat’s opening statement,
his attorney stated: 

 

Nobody is
standing here telling you there was never any contact – improper contact – and
that’s why my client has pled guilty to those two charges.

The question
here is, though (1) Has the government proved beyond a reasonable doubt that
there was contact between Shannon Wheat’s mouth and [J.W.]’s penis?

What we’re
going to do is a little unusual, but we’re going to call for you to listen to
some other persons who were student trainers that my client had contact with,
some of whom were improper contact with, and I think you’re going to see that
there was a common thread among these folks and that was that Shannon Wheat –
I’m not defending this, please don’t misunderstand me – but Shannon Wheat would
do similar kinds of things.

And what he
would do is he would touch their penis; some on the outside of their clothing,
some on the inside of their clothing. 
And that’s important, I think, when you make a determination based on
what you’ve heard as to whether or not Shannon Wheat had oral contact with
[J.W.].

 

Analysis

 

When defensive theories may change,
as we believe they could when a motion to sever separate offenses with guilty
and not guilty pleas is denied, we cannot apply the analysis used in Salazar and Matthews, where the courts considered whether it was “likely” (Salazar) or “probable” (Matthews) that the testimony of the
other victims would have been admissible to refute a defensive theory.  See Salazar,
127 S.W.3d at 365-66; Matthews, 2004 Tex. App. LEXIS 10734, at *13-15.  We cannot know: (1) what the defensive theory
would have been; (2) what objections would have been made to evidence of other
offenses; and (3) whether evidence of other offenses would have been admitted,
had the severance been granted and Wheat not been confronted with how to handle
offenses to which he had pled guilty. 
Thus, we must consider whether Wheat was unfairly prejudiced when the
trial court denied his motion to sever.  Tex. Pen. Code Ann. § 3.04(c).  

Prior to voir dire and hearing of
the pleas, the trial judge was informed that Wheat was seeking a severance
because he intended to plead guilty to counts one and three and it would be
prejudicial for the jury to hear his guilty pleas along with count two.  The trial judge eventually allowed the State
to tell the potential jurors that Wheat intended to plead guilty to counts one
and three.  The trial judge also heard
the guilty pleas in front of the jury, which forced Wheat to use an “unusual”
defensive theory.  Once the trial judge
was informed that Wheat intended to plead guilty to counts one and three, he
should have conducted unitary proceedings on those two counts.  Wheat was unfairly prejudiced on count two by
the unauthorized bifurcated trial on the guilty pleas for counts one and three.  See
Ricondo, 634 S.W.2d at 841.

We find that denial of a severance
of these counts was unfairly prejudicial to Wheat.  See
Tex. Pen. Code Ann. §
3.04(c).  Therefore, we hold that the
trial court abused its discretion in trying the three counts together in a
bifurcated proceeding.  See Howard, 888 S.W.2d at 170-71.  Counts one and three should have been severed
from count two, and a unitary proceeding should have been conducted for counts
one and three.  We sustain issue two.

CONCLUSION

Having sustained issue two, we need not
address issues three, four, and six, nor perform a harm analysis for the errors
admitted by the State in issues one and five. 
We reverse the three convictions, sever count two from counts one and
three, and remand the cause for a new trial 
on count two and a new punishment hearing on the guilty pleas to counts one and
three.  See Tex. Code Crim. Proc.
Ann. art. 44.29 (Vernon Supp. 2004-05).

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief Justice Gray
dissenting)

Judgments reversed, counts severed, and cause remanded

Opinion delivered and filed February
 23, 2005

Publish

[CRPM]











    [1]       The court instructed the jury to find him
guilty of counts one and three.





    [2]       This count was initially aggravated
sexual assault, but it was modified after voir dire to sexual assault.





    [3]       Section 3.03(b)(2) includes offenses
under Section 21.11 (counts one and three) and 22.011 (count two).

 





    [4]       He concedes this evidence would have been
admissible then under Texas Code of Criminal Procedure article 37.07 section
3(a)(1).