ANASTACIO G. HERNANDEZ V. STATE.

No. 25675. March 19, 1952.

Hon. Harry M. Carroll, Judge Presiding.

*J. W. Cooper, Jr.,* Corpus Christi, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, forty years.

The state established that, on the day of the homicide, appellant bought the pistol which he used in the commission of the offense herein charged.

Several witnesses present at a grocery store on the day in question, one of whom was wounded by a bullet from appellant's pistol, testified that appellant, without provocation and without having any words with deceased, who was evidently a total stranger to him, drew his pistol and began to fire, causing the death of deceased and the wounds to the witness, who was also a stranger to appellant.

It was further shown that, following the homicide, appellant walked across the street brandishing his weapon, sat down, ate a slice of watermelon, and waited until the officers arrived.

Appellant did not testify, but interposed the defense of insanity.

Appellant presents us with six assignments of error, none of which are supported by bills of exception and therefore present nothing for review.

It follows that the only question presented is the sufficiency of the evidence to support the conviction. We now proceed to discuss this question in the light of the plea of insanity and the contention that malice is not shown.

The appellant tendered five witnesses, who testified that, in their judgment, appellant was insane.

The state offered in rebuttal one witness, the jailer, who testified that he had had appellant under his care and observation for approximately three months following the commission of the offense and prior to the trial, and that he had noticed nothing different about his actions from that of any of his fellow prisoners kept in that portion of the jail reserved for those who were classified as sane, and that he considered appellant a

model prisoner. Appellant's contention is that the verdict is against the preponderance of the evidence.

We have recently held in Ross v. State, 153 Tex. Cr. R. 312, 220 S. W. (2d) 137; McGee v. State, 155 Tex. Cr. R. 639, 238 S. W. (2d) 707; and Wenck v. State, 156 Tex. Cr. R. 611, 238 S. W. (2d) 793, that the question of insanity was a question of fact for the jury; and if there is evidence to support their verdict, we will not disturb the same.

We hold the evidence of the jailer, though meager, to be sufficient to support the jury's verdict.

We pass next to the contention that malice has not been shown.

In Banks v. State, 85 Tex. Cr. R. 165, 211 S. W. 217, we upheld a death penalty where one promiscuously fired into a passing train, causing the death of a brakeman, who was not shown to have been acquainted with the accused. There, we said that malice might be toward a group of persons, as well as toward an individual, may exist without former grudges or antecedent menaces, and may be inferred from the act done.

In Cockrell v. State, 135 Tex. Cr. R. 218, 117 S. W. (2d) 1105, we upheld a conviction of one who, while intoxicated and weaving from one side of the road to another, killed two pedestrian children whom he did not know. There, we held that the jury had the right to infer or imply malice from the wanton acts of accused.

Finding no reversible error, the judgment of the trial court is affirmed.