## Commonwealth ex rel. Brogan, Appellant, *v.* Tees.

Submitted November 16, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Earl A. Brogan*, appellant, in propria persona.

*Jerome B. Apfel* and *Victor Wright*, Assistant District Attorneys, and *Samuel Dash*, District Attorney, for appellee.

OPINION PER CURIAM, January 17, 1956:

This is an appeal from the order of the Court of Common Pleas No. 2 of Philadelphia County dismissing relator's petition for writ of habeas corpus.

Relator was convicted, inter alia, of armed robbery and sentenced to a term of not less than ten years nor more than twenty years in the Eastern State Penitentiary to be computed from February 10, 1954. No appeal was taken from the judgment of sentence and no motion for new trial was presented to the trial court.

It is the contention of relator that there was a variance between the bill of indictment and the proofs at trial, which constituted a denial of due process. The alleged variance is that the person robbed was not Joseph Mastronardo, but one George Grimes.

The indictment at No. 1247, February Sessions, 1954, charged relator and another with assaulting, with intent to rob, and with robbing one Joseph Mastronardo of the sum of $3.50.

There is no merit in relator's contention. Besides, the sufficiency of the evidence, upon which the conviction was based, cannot be raised on habeas corpus. Moreover, the proofs at the trial are not inconsistent with the allegations of the bill of indictment.

As was said by the court below in its opinion: "The evidence was that the defendant with two others, armed with guns, entered the place of business of Lucy C. Mastronardo, wife of Joseph Mastronardo, and took from the table $3.50 which had just been laid down by George Grimes to pay for some beer. While the

robbery was proceeding, Joseph Mastronardo, the husband of Lucy, came down the stairs and was knocked to the side by Grimes who bolted for the stairs at that time. Defendant and his companions picked up the $3.50 and ran out of the premises. . . . The evidence clearly showed a robbery committed by the defendant for which he was sentenced. Under the Act of May 31, 1860, P. L. 427, §13, 19 PS §433, the indictment could have been amended at the trial as to 'the name or description of any person . . . alleged to be injured or damaged or intended to be injured or damaged' or 'the ownership of any property named or described therein.' Objection could have been made to the variance at the trial where defendant was represented by able counsel. If it had so been made, an amendment would have been asked for and no doubt would have been granted as a matter of course."

No factual questions are involved. Relator is merely attempting, on this appeal, to present an alleged trial error to this Court; habeas corpus cannot be used for such purpose.

We find no ingredient of unfairness in any of the proceedings leading to relator's conviction and sentence.

Order of the court below is affirmed.