### UNITED STATES of America ex rel. Earl A. BROGAN

v.

### Frank G. MARTIN, Warden, Eastern State Penitentiary, Philadelphia, Pennsylvania.

No. 12028.

United States Court of Appeals Third Circuit.

Submitted Nov. 6, 1956.

Decided Nov. 19, 1956.

Earl A. Brogan, pro se.

Jerome B. Apfel, Thomas M. Reed, James N. Lafferty, Victor H. Blank, Philadelphia, Pa., for appellee.

Before MARIS and KALODNER, Circuit Judges, and WORTENDYKE, District Judge.

PER CURIAM.

The relator, who is serving a sentence in the Eastern State Penitentiary of Pennsylvania following his conviction in a state court of armed robbery, appeals from the denial by the district court of his petition for a writ of habeas corpus. It appears that the relator did not appeal from his conviction in the state court but subsequently filed a petition for a writ of habeas corpus in the state court which was dismissed, the dismissal being affirmed on appeal. Com. ex rel. Brogan v. Tees, 1956, 180 Pa.Super. 174, 119 A.2d 561, alloc. ref. 180 Pa.Super. XXV, certiorari denied Brogan v. Martin, 351 U.S. 928, 76 S.Ct. 785.

The relator's contention here is the same as it was in the state habeas corpus proceeding, namely, that the evidence at his trial did not establish that he had robbed the individual whom he was charged in the indictment with having robbed, and that this variance between allegations and proof amounted to a denial of due process of law. We are satisfied, as was the Superior Court of Pennsylvania, that the relator's contentions, if true, do not disclose a denial of due process of law. All that is asserted is that the evidence was not sufficient to sustain the relator's conviction. While this contention might have been raised on a motion for a new trial or on an appeal from the conviction it does not raise a question of the essential fairness of the trial. The district court rightly held that the question could not be raised on habeas corpus for it is settled that such a writ cannot be used as a substitute for an appeal.

The order of the district court will be affirmed.