## Commonwealth ex rel. Frey v. Banmiller

*Edward J. Frey*, p. p., for petitioner.

*Peter A. Galante*, Assistant District Attorney, and *Victor H. Blanc*, District Attorney, for respondent.

WEINROTT, J., June 28, 1957.—The relator has appealed from the order of this court dismissing his amended petition for writ of habeas corpus. He had previously filed a petition for writ of habeas corpus in another of our courts, raising substantially the same

issues that appeared in the petition which was before this court. That prior petition was also dismissed.

The petition of relator may be summarily dismissed solely on the ground that the bases for the writ of habeas corpus were considered or could reasonably have been raised and considered in the prior petition. See Common Pleas Rule 993(b), which provides: ". . . No ground will be considered which was or could reasonably have been raised in a prior petition."

Nevertheless, we have made a careful study of the petition and find that relator was tried and convicted on March 7, 1955, on a charge of robbery. He was sentenced thereon on April 6, 1955, for a term of not less than one year nor more than five years.

The basic issue presented is that the Commonwealth failed to produce sufficient evidence to overcome the presumption of innocence, and sustain the conviction. Of course, relator is immediately precluded in this position for the reason that the sufficiency of the evidence upon which the conviction was based cannot be raised on habeas corpus: Commonwealth ex rel. Brogan v. Tees, 180 Pa. Superior Ct. 174.

Relator also argues in support of his position that the voluntary defender who was appointed as counsel for him was not given sufficient opportunity to prepare for trial and that, if further time were given him, more evidence would be adduced to prove his defense. This appears in no way to affect the basic issue raised in the petition which goes only to the question of the sufficiency of the evidence to sustain the conviction.

It appears that another defendant who was charged with taking part in the same crime testified that he alone conceived the idea and committed the crime. He denied that relator either directed the crime or had any knowledge that he was going to commit the same.

However, the circumstantial evidence of petitioner's guilt is inescapable. Relator obtained the weapon and gave it to defendant. Then too, while defendant went into the grocery store where the robbery was committed, relator waited outside and later fled the scene. His only defense was that he did not know defendant was going to commit the crime. This merely presents an issue of credibility which the trial judge resolved against him.

Relator further contends that a statement given by him to the police was used against him at time of trial, despite the fact that the police officer who questioned him stated that he was so intoxicated that he collapsed at the police station. Relator avers that at the time he gave the statement he was suffering from delirium tremens, a form of insanity, and that the statement was improperly admitted in evidence. The hospital report upon which relator relies shows only that he was admitted to the accident ward on February 14, 1955, several days after the commission of the offense, where his condition was diagnosed as alcoholism, pre-tremer state. He was given out-patient treatment and discharged to the police. It is clear, therefore, that the statement which he gave was admissible, and the fact that relator may have been under the influence of an intoxicant affects only its weight, and not its admissibility. There is absolutely no evidence that relator was suffering from delirium tremens at the time he gave the statement to the police.

In view of the foregoing, we conclude that the petition of relator for writ of habeas corpus should have been dismissed, and have entered an order in accordance therewith.