Commonwealth ex rel. Frey, Appellant, *v.* Banmiller.

Argued October 3, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William P. Thorn,* for appellant.

*Juanita Kidd Stout,* Assistant District Attorney, with her *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 12, 1957:

This is an appeal from the refusal of the court below to grant the prisoner a writ of habeas corpus.

Appellant was convicted of robbery by Judge PETER F. HAGAN sitting without a jury, and was sentenced to the penitentiary on April 6, 1955. No appeal was taken.

On August 5, 1955 a petition for a writ of habeas corpus was filed by the appellant in Philadelphia Court of Common Pleas No. 2 and was subsequently dismissed. No appeal was taken from this order.

A second petition for a writ of habeas corpus was filed in Philadelphia Court of Common Pleas No. 4, and from its dismissal this appeal was taken.

The prisoner raises two questions. "1. Did the Commonwealth produce sufficient competent evidence to overcome the presumption of innocence? 2. Was appellant deprived of a fair trial by reason of the lack of opportunity to consult with counsel and prepare his case?"

There is no merit in the appeal. The questions raised in the second petition are substantially the same as those raised in the first petition which was dismissed, and from which no appeal was taken. See *Commonwealth ex rel. Ruger v. Day,* 176 Pa. Superior Ct. 479, 108 A. 2d 818 (1954).

Furthermore, the sufficiency of the evidence upon which the conviction was based cannot be raised on habeas corpus. *Commonwealth ex rel. Brogan v. Tees,* 180 Pa. Superior Ct. 174, 119 A. 2d 561 (1956) ; *Commonwealth ex rel. Jones v. Day,* 181 Pa. Superior Ct. 37, 121 A. 2d 896 (1956).

Recognizing that the petition for the writ could be dismissed for the above reasons, Judge WEINROTT for the court below, nevertheless, carefully reviewed the record, and decided that the writ should be denied be-

cause there was no merit in its allegations. See 10 Pa. D. & C. 2d 214.

Order affirmed.