Isaac **PRESTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42943.

Court of Criminal Appeals of Texas.

June 24, 1970.

Rehearing Denied Sept. 4, 1970.

Bill Cannon, Houston (Court Appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is burglary enhanced under Article 62, Vernon's Ann.P.C.; the punishment, 12 years.

The appellant first complains that the evidence is insufficient to support the verdict.

The testimony of the state reflects the following: On July 16, 1968 a money pouch and a .38 caliber pistol were taken in the burglary of a Texaco service station located on Westheimer belonging to Frank Turner.[1] On August 27, 1969 after midnight, as David Philley and Mark Wood were traveling along Voss Road, Wood saw a person standing in the doorway of an Enco station on Voss Road, and as they went by the person ran off. Wood and Philley circled back and parked across the street. where they noticed a partially opened door at the back of the station. They turned their bright lights on the door, and the door closed. Also, they noticed a large screwdriver stuck in the door of the station where they had first seen the person running and a 1959 Pontiac automobile parked on the lot in front of the station with the doors slightly open, the keys in the ignition, and gloves, screwdrivers and crowbars laying around on the inside of the car. Philley then asked a passing motorist to notify the police while Wood watched the station. When the police came, they arrested two men, one of whom was identified as the defendant, Isaac Preston. Officer J. J. Schielack of the Houston Police Department testified that on August 27, 1968 he arrested the appellant and another man who were hiding in a restroom at an Enco station on Voss Road and that he recovered from the appellant's automobile a blue bank bag containing $27.00 and some odd cents and two pistols, one of which was a .38 caliber Smith and Wesson pistol bearing serial number C–500838. This pistol was introduced into evidence and marked as State's Exhibit No. 3. Schielack further testified that he traced the pistol and found it was taken in a service station burglary on Westheimer.

Frank Turner testified that on July 16, 1968 he operated a Texaco service station at 9502 Westheimer in Harris County, Texas, that his station was broken into without his consent or permission, and that a bank bag and a .38 caliber pistol were taken therefrom. Turner identified the pistol admitted in evidence as State's Exhibit No. 3 as the same pistol that was taken from his station in that they had the same serial number. Turner further testified that he recovered his pistol from the Houston Police Department.

The appellant did not testify but called James D. Williams who testified that he was the man who was arrested with the appellant, and that the .38 caliber pistol belonged to him; and that the money in the bag belonged to the appellant.

The jury was charged on circumstantial evidence; and their consideration of the extraneous offenses was limited to the issue of his identity in connection with the offense alleged.

The jury trying the case is authorized to accept or reject any or all the testimony of any witness. 24 Tex.Jur.2d 395, Sec. 725; Spears v. State, 103 Tex.Cr.R. 474, 281 S.W.2d 555; Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674; Wright v. State, Tex.Cr.App., 437 S.W.2d 566; Younger and Lewis v. State, Tex.Cr.App., 457 S.W.2d 67.

"If the State proves a burglary as alleged was committed by someone, and based on proof that defendant was found in possession of property recently stolen from the burglarized house the jury have found defendant guilty of the burglary, and that finding has been approved by the trial court whose duty it is to set aside the conviction if not satisfied that defendant is guilty as charged, the judgment will be sustained on appeal unless clearly wrong if there are facts

---

1. This is the offense for which the appellant was tried.

or circumstances in evidence which justify the jury in disbelieving defendant's explanation of such possession, if any he made." 4 Branch 2d, Sec. 2537, p. 866 and cases cited.

Next, the appellant complains that the trial court failed to properly admonish the appellant as to the consequences of his plea of guilty to the enhancement count.

The record reflects that at the punishment stage of the trial the appellant, represented by the same counsel that represents him in this appeal, agreed and stipulated with the state that he was the same individual who had been previously convicted of burglary and that the conviction was final. This stipulation was introduced in evidence by the state.

The appellant did not offer any evidence at the punishment stage of the trial.

The record further reflects that after the enhancement portion of the indictment was read the appellant entered a plea of "guilty." Such a plea should more appropriately be termed "true" or "untrue." Article 37.07, Vernon's Ann.C.C.P.; Davis v. State, Tex.Cr.App., 429 S.W.2d 895; Baker v. State, Tex.Cr.App., 437 S.W.2d 825; and Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732.

Where the accused has entered a plea of not guilty before the jury the trial court is not required to admonish the defendant following the reading of the enhancement allegations of the indictment at the punishment stage of the trial although it would be the better practice to do so if the plea is "true." Appellant's second ground of error is overruled.

The evidence is sufficient to support the conviction.

The judgment is affirmed.