Ronald MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 64369.

Court of Criminal Appeals of Texas,
Panel No. 2.

July 16, 1980.

Rehearing Denied Sept. 17, 1980.

Donald B. Kelley, Orange, for appellant.

William C. Wright, County Atty. and Stephen C. Howard, Asst. County Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from an order revoking probation. On February 1, 1979, appellant entered a plea of guilty before the court to the offense of burglary. Punishment was assessed at ten (10) years confinement, but imposition of sentence was suspended and appellant was placed on probation. Thereafter, the State filed a motion to revoke appellant's probation, alleging that on May 31, 1979, appellant had violated the conditions of his probation in that he had committed acts which constituted the offense of burglary. A hearing on the motion to revoke was held, after which the trial court ordered appellant's probation revoked and sentenced him to six (6) years confinement.

In his sole ground of error, appellant contends that "the trial court's determination that the appellant was sane at the time of the commission of the offense, the subject of the motion to revoke probation, is against the great weight and preponderance of the evidence." That appellant committed the acts alleged in the motion to revoke was not disputed. Rather, the issue at the hearing on the motion was whether appellant was sane at the time he committed such acts.

Dr. Shyamala Rao, a psychiatrist, was called as a witness in behalf of the defense. She testified that although appellant

seemed to have been able to have understood *right from wrong*, he did not seem able to conform his conduct to the requirements of the law. In rebuttal, the State presented the testimony of another psychiatrist, Dr. John Nottingham, who also testified that he thought that appellant could discern right from wrong. He also testified that although appellant had diminished impulse control, which was less than the average person's, nevertheless, appellant was "not incapable" of conforming his conduct to the expectations of the law at the time he committed the offense. Upon cross–examination, Dr. Nottingham testified that appellant did lack the *substantial* capacity to conform his behavior.[1] A psychologist, Dr. Jerome Brown, testified that appellant had no mental illness which would make him incapable of conforming his conduct to the law if he chose to do so, but that he did not think that appellant had the *substantial* capacity to do so. Dr. Brown testified that this difference was a matter of degree.

V.T.C.A. Penal Code, Sec. 8.01 provides: "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong *or was incapable of conforming his conduct to the requirements of the law he allegedly violated.*" (Emphasis added)

■ In the instant case, the trial court, as the trier of facts, heard testimony that appellant was not capable of conforming his conduct to the requirements of the law. The court also heard testimony that appellant *was* capable of so conforming his conduct, although appellant did not have the "substantial capacity" to do so. The standard enunciated under Sec. 8.01, supra, is whether the defendant had the *capacity* to *conform* his *conduct, not* whether he had the *substantial* capacity to do so.[2] The trial court as the trier of facts herein, *Graham v. State*, 566 S.W.2d 941 (Tex.Cr.App.1978),

heard conflicting evidence as to whether appellant had the capacity to conform his conduct. Based upon this conflicting evidence, we cannot say that the trial court erred in finding that appellant was sane at the time he committed the acts which were the subject of the motion to revoke probation. That appellant exercised poor judgment in the planning and execution of his criminal acts is not conclusive evidence that he was insane at that time. This ground of error is overruled.

The judgment is affirmed.

PHILLIPS, J., dissents.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

■ On original submission in an appeal from a revocation order appellant complained that the trial court's determination at the revocation of probation proceedings that he was sane at the time of the commission of the burglary offense, which was the basis of the revocation order, "is against the great weight and preponderance of evidence."

On February 1, 1979, appellant entered a guilty plea before the court to the offense of burglary. He was placed on ten (10) years' probation after the suspension of the sentence. On June 12, 1979, the State filed a motion to revoke probation alleging a subsequent offense committed on or about May 31, 1979, in violation of appellant's probationary conditions.

On October 5, 1979, the court conducted a hearing on said motion, at the conclusion of which it revoked appellant's probation, finding that he had committed the burglary alleged in violation of his probationary conditions. The evidence as to the burglary was undisputed.

---

1. The test of "substantial capacity," as opposed to "capacity" has been adopted in other jurisdictions, not including Texas. See *Blake v. United States*, 5 Cir., 407 F.2d 908 (1969).

2. See footnote 1, supra.

Appellant had earlier filed his notice that he would rely upon the defense of insanity at the commission of the subsequent burglary alleged in the revocation motion. He relied upon such defense and offered evidence in support thereof.

In revoking probation the court in effect rejected the insanity defense although there was no express finding as to sanity. Appellant admits the evidence is conflicting as to the sanity issue, and the trial judge was the trier of the facts, the credibility of the witnesses, and the weight to be given the witnesses but contends the court erred because while there was evidence to support the court's finding of sanity, it is against "the greater weight and preponderance of evidence." We are asked for that reason to set aside the court's finding as to sanity and to reverse this conviction.

In *White v. State*, 591 S.W.2d 851 (Tex. Cr.App.1979), we were faced with a similar question. There we stated at p. 856:

"After an examination of the constitutional and statutory provisions relating to the jurisdiction of the Court of Criminal Appeals, we conclude that this court has no fact jurisdiction as do the Court of Civil Appeals, and cannot 'unfind' a vital fact finding by a jury. Since we do not have the jurisdiction to pass upon the great weight and preponderance of the evidence, appellant's contention is overruled."

In the instant case the fact finder is the trial court, not the jury, and it is a revocation of probation proceeding, but what we said in *White v. State*, supra, is here applicable and we adhere thereto.

Appellant's motion for rehearing is overruled.