**James Earl BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 135–85.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 1986.

Rehearing Denied April 23, 1986.

Herb Ritchie, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and James C. Brough and Casey O'Brien, Asst. Dist. Attys., Houston, Robert Huitash, State's Atty., Alfred Walker, First Asst., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

TOM G. DAVIS, Judge.

A jury found appellant guilty of attempted murder and the court assessed ten

years. The First Court of Appeals (Houston) reversed and remanded for a new trial in a published opinion, holding that the jury's implied finding that appellant was not insane was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Baker v. State,* 682 S.W.2d 701 (1984). We granted the State's petition for discretionary review to examine this holding.

Appellant claims that he established the affirmative defense of insanity as a matter of law. The Court of Appeals treated his claim to be that the verdict rejecting his affirmative defense of insanity was against the great weight and preponderance of the evidence.

In applying the "great weight and preponderance" standard, the Court of Appeals reasoned as follows:

"Under the provisions of the 1980 amendment to art. V, sec. 6 of the Texas Constitution, effective September 1, 1981, the courts of appeals are vested with conclusive authority over all questions of fact presented on appeal. Consistent with that mandate, Tex.Code Crim.P. art. 44.25 (Vernon Supp.1984), likewise effective September 1, 1981, provides that 'courts of appeals ... may reverse the judgment in a criminal action, as well upon the law as upon the facts.'

"We interpret this grant of authority to mean, as at least two other courts of appeals have already determined, that we have jurisdiction to consider great weight and preponderance fact questions in cases involving the affirmative defense of insanity. *Van Guilder v. State,* 674 S.W.2d 915 (Tex.App.—San Antonio 1984, no pet.); *Schuessler v. State,* 647 S.W.2d 742 (Tex.App.—El. Paso 1983, pet. granted).

"In passing on a challenge that a jury finding is against the great weight and preponderance of the evidence, the reviewing court is to consider all the relevant evidence presented. If after doing so it determines that the defendant at trial carried his burden of proof as to an affirmative defense and that the jury's verdict was manifestly unjust, the reviewing court has the duty to reverse the trial court judgment and remand the case for new trial, regardless of whether the record contains some evidence of probative force in support of the verdict. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951)."

Since the Court of Appeals handed down its opinion in the instant case, we have rejected the argument that the Texas Constitution and the Code of Criminal Procedure confer jurisdiction on the Courts of Appeals to consider great weight and preponderance of the evidence fact questions in cases involving the affirmative defense of insanity. *Van Guilder v. State,* —— S.W.2d —— (No. 899–84, delivered November 6, 1985). In *Van Guilder,* supra, we held that:

"... in reviewing a case involving an affirmative defense, the court of appeals must review the evidence on the affirmative defense by looking at the evidence in the light most favorable to the implicit finding by the jury with respect to such affirmative defense and then determine, by examining all the evidence concerning the affirmative defense, if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. The court of appeals is limited in its review using this preponderance standard to evidence submitted on the issue of the affirmative defense in question. This review is called for when the defendant is contesting the sufficiency of the evidence to support his conviction because of his assertion that he adequately proved his affirmative defense.... There must be no reweighing or reclassifying of the evidence by the appellate court."

Because the Court of Appeals applied a standard we have rejected in assessing appellant's claim, we reverse the judgment of the Court of Appeals and remand the case

to that court to apply the standard set out in *Van Guilder,* supra.[1]

CLINTON, J., concurs in result.

State's motion for rehearing denied without written opinion.

ONION, P.J., joined by CLINTON and McCORMICK, JJ., dissent.

ONION, Presiding Judge, dissenting.

The majority overrules the State's Motion for Rehearing without written opinion. I dissent.

Appellant was convicted of attempted murder and his punishment was assessed by the court at 10 years' imprisonment. On appeal the appellant claimed he established the affirmative defense of insanity, V.T.C.A., Penal Code, § 8.01, as a matter of law. The Court of Appeals treated his claim to be that the jury verdict finding him guilty of attempted murder and rejecting his affirmative defense of insanity was against the great weight and preponderance of evidence. That court held that the jury's implied finding that appellant was not insane was so against the great weight and preponderance of evidence as to be manifestly unjust. *Baker v. State,* 682 S.W.2d 701 (Tex.App.-Houston [1st] 1984).

On original submission this Court held that the Court of Appeals erred in applying the "great weight and preponderance" standard and that the proper standard of review was that set forth in this Court's opinion of *Van Guilder v. State,* —— S.W.2d —— (Tex.Cr.App. No. 899–84—11/6/85). The cause was remanded to the Court of Appeals to apply the standard set out in *Van Guilder,* supra.

I concurred in the result reached in *Van Guilder,* a most unusual situation, but I do not agree with the standard there set forth, nor with the "great weight and preponderance of the evidence" standard in criminal cases.

The *Van Guilder* standard thrusts this Court into the role of factfinder in resolving evidentiary conflicts as does the "great weight and preponderance of the evidence" standard to the Court of Appeals when applied in criminal cases.

The *Van Guilder* decision erroneously applies the holding of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1966), to the review of an affirmative defense in a criminal case.

The Legislature's lawmaking authority includes the right to define crimes and fix penalties therefor. Article III, § 1, Texas Constitution; *Baker v. State,* 70 Tex.Cr.R. 618, 158 S.W. 998 (Tex.Cr.App.1913); *McNew v. State,* 608 S.W.2d 166, 176 (Tex.Cr.App.1980) (Opinion on rehearing). In defining crimes the Legislature establishes the elements of the offense.

In the instant case the appellant was charged with attempted murder in the terms prescribed by the Legislature.

V.T.C.A., Penal Code, § 19.02 (Murder), provides in part:

"(a) A person commits an offense if he:

"(1) intentionally or knowingly causes the death of an individual."

V.T.C.A., Penal Code, § 6.03 (1974), provides in part:

"(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscientious objective or desire to engage in the conduct or cause the result.

"(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."

---

1. Should the Court of Appeals decide, after applying the *Van Guilder* standard, that appellant established the affirmative defense of insanity as a matter of law, then the proper disposition is to reverse and order a verdict of acquittal, *not* a new trial.

**896**

V.T.C.A., Penal Code, § 15.01 (Criminal Attempt), provides:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

"(b) If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt.

"(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

"(d) An offense under this section is one category lower than the offense attempted, and if the offense attempted is a felony of the third degree, the offense is a Class A misdemeanor." (Acts 1975, 64th Leg., p. 478, ch. 203, § 4, eff. Sept. 1, 1975.)

If an individual is charged by indictment or information with a criminal offense, the burden of proof is upon the State to prove him guilty of each element of the offense beyond a reasonable doubt. V.T.C.A., Penal Code, § 2.01; Article 38.03, V.A.C.C.P.

Section 2.01, supra, provides:

"All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

V.T.C.A., Penal Code, § 2.04 (Affirmative Defense), provides:

"(a) An affirmative defense in this code is so labeled by the phrase: 'It is an affirmative defense to prosecution....'

"(b) The prosecuting attorney is not required to negate the existence of an affirmative defense in the accusation charging the commission of the offense.

"(c) The issue of the existence of an affirmative defense is not submitted to the jury unless the evidence is admitted supporting the defense.

"(d) If the issue of the existance of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence."

V.T.C.A., Penal Code, § 8.01 (1983), provides:

"(a) It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong.

"(b) The term 'mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct." (Acts 1983, 68th Leg., p. 2640, ch. 454, § 1, Aug. 29, 1983.)

At the conclusion of a felony case tried before a jury a trial court is required to give a written charge to the jury "distinctly setting forth the law applicable to the case." Article 36.14, V.A.C.C.P. Before the issue of the existence of an affirmative defense is submitted to the jury, there must be evidence supporting the same. V.T.C.A., Penal Code, § 2.04(c). However, a defendant is entitled to affirmative defense instructions regardless of whether that evidence is strong, feeble, impeached or contradicted. *Campbell v. State*, 614 S.W.2d 443 (Tex.Cr.App.1981).

In the instant case the trial court instructed the jury on the law applicable to the case, the burden of proof, etc., as well as the affirmative defense of insanity.

Article 38.04, V.A.C.C.P. (Jury are judges of facts), provides:

"The jury, *in all cases*, is the exclusive judge of the facts proved, and of the weight to be given to the testimony except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." See also Article 36.13, V.A.C.C.P.

And it is well established that a jury is the exclusive judge of the facts, the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Miller v. State*, 566 S.W.2d 614 (Tex. Cr.App.1978). The jury may choose to believe or disbelieve any testimony or any evidence from either side. A jury is entitled to accept or reject any part or all testimony given by the State or defense witnesses. *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Cr.App.1981) cert. den. 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169; *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Cr.App.1982); *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978); *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr.App.1978); *Preston v. State*, 457 S.W.2d 279 (Tex.Cr.App.1970). Reconciliation of conflicts and contradictions in evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. *Bowden v. State*, supra; *Lombardo v. State*, 503 S.W.2d 780 (Tex.Cr.App.1974).

In the instant case the jury returned a verdict of guilty and rejected the affirmative defense of insanity.

When an individual is convicted of a crime and appeals and challenges the sufficiency of the evidence to support the jury's verdict of guilty, it has long been proper to view the evidence in the light most favorable to the jury's verdict. See *Ransonette v. State*, 550 S.W.2d 36, 42 (Tex.Cr.App. 1976); *Bowers v. State*, 570 S.W.2d 929, 932 (Tex.Cr.App.1978); *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978); *Ahearn v. State*, 588 S.W.2d 327 (Tex.Cr.App.1979); *Vaughn v. State*, 607 S.W.2d 914 (Tex.Cr. App.1980); *Darrington v. State*, 623 S.W.2d 414 (Tex.Cr.App.1981); 13A Tex.Digest, Crim.Law Key 1144.13(2).

The rule gave reference to the role of jurors as factfinders who had heard the witnesses and observed their demeanor, and considers the affirmative and explicit finding of the jury as to guilt, which the jury was required to find beyond a reasonable doubt, and which formed the very basis of the criminal conviction.

Then along came *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which involved a federal habeas corpus proceeding where the sufficiency of the evidence to sustain a state criminal conviction was at issue. *Jackson* set a standard of review of state convictions by federal courts based upon the due process requirements of the Fourteenth Amendment.

For many years federal courts long declined to review the sufficiency of the evidence supporting state criminal convictions on the basis that such questions did not raise a federal constitutional question. See, e.g., *Whitney v. California*, 274 U.S. 357, 367, 47 S.Ct. 641, 645, 71 L.Ed. 1095 (1927); *Sinclair v. Turner*, 447 F.2d 1158, 1161 (10th Cir.1971), cert. den. 405 U.S. 1048, 92 S.Ct. 1329, 31 L.Ed.2d 590 (1972); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960), cert. den. 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738 (1960); *United States ex rel. Brogan v. Martin*, 238 F.2d 236, 237 (3rd Cir.), cert. den. 351 U.S. 928, 76 S.Ct. 785, 100 L.Ed. 1457 (1956). See 28 U.S.C., § 1257 (1976), and 28 U.S.C., § 2254 (1976).

In *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), the United States Supreme Court carved a narrow exception from the above stated rule, holding that a conviction based upon *no* evidence violated due process of law. *Thompson* made clear that it had not endorsed federal review of the sufficiency of the evidence, but only federal review for a total absence of evidence. Following the advent of *Thompson*, federal courts reviewed state criminal trial records but only to determine if there was at least some evidence to support the judgments. See, e.g., *Brooks v. Rose*, 520 F.2d 775 (6th Cir.1975); *Cunha v. Brewer*, 511 F.2d 894 (8th Cir.1975); *Johnson v. Maryland*, 425 F.Supp. 538 (D.Md.1976).

However, in *Jackson v. Virginia*, supra, the United States Supreme Court broke sharply with this established precedent. Relying upon its earlier decision in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25

L.Ed.2d 368 (1970), which found that due process requires the prosecution to prove every element of a criminal offense beyond a reasonable doubt, the court held that in a challenge to a state conviction brought under habeas corpus statute, which requires federal courts to entertain a state prisoner's claim that he is being held in custody in violation of the Constitution or laws of the United States, the applicant is entitled to federal habeas corpus relief if it is found that upon the evidence adduced at trial no rational trier of fact could have found proof of the essential elements of the crime beyond a reasonable doubt.

In *Jackson* the Court wrote:

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' *Woodby v. INS*, 385 U.S. [276,] at 282 [, 87 S.Ct. 483, at 486, 17 L.Ed.2d 362]. Instead, *the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.* See *Johnson v. Louisiana*, 406 U.S. [356,] at 362 [, 92 S.Ct. 1620, at 1624, 32 L.Ed.2d 152]. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence is to be considered in the light most favorable to the prosecution.* The criterion thus impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law. [Footnotes omitted and emphasis added.]"

It is to be observed that Jackson was convicted in a Virginia state court upon his plea of not guilty which placed upon the state prosecution the burden of proof required by *In re Winship*, supra. The *Jackson* standard is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The implications of *Jackson*, of course, could not be limited to the federal habeas corpus context. After *Jackson*, federal and *state* courts assessing the evidence either at the trial level or on direct review wil presumably be obligated to apply the "rationality" test.

This Court has applied the *Jackson* standard on direct appeals in both direct and circumstantial evidence cases. See, e.g., *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr. App.1983) (Opinion on State's Motion for Rehearing); *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr.App.1983) (Opinion on State's Motion for Rehearing). See also *Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Cr.App. 1985); *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984); *Jackson v. State*, 672 S.W.2d 801 (Tex.Cr.App.1984); *O'Keefe v. State*, 687 S.W.2d 345, 349 (Tex.Cr.App. 1984); *Dickey v. State*, 693 S.W.2d 386 (Tex.Cr.App.1984).

In *Van Guilder*, involving the affirmative defense of insanity, the majority of this Court, claiming to afford due process under *Jackson*, wrote:

"Because some review of the affirmative defense is necessary in such cases in order to afford an appellant due process under *Jackson*, supra, this Court, in keeping with the principles of *Jackson*, supra, must provide a standard of review consistent with constitutional law in this area and the inviolability of the jury as fact finders in Texas criminal law. Therefore, *we hold that in reviewing a case involving an affirmative defense, the court of appeals must review the*

*evidence on the affirmative defense by looking at the evidence in the light most favorable to the implicit finding by the jury with respect to such affirmative defense and then determine, by examining all the evidence concerning the affirmative defense, if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence.* The court of appeals is limited in its review using this preponderance standard to evidence submitted on the issue of the affirmative defense in question. This review is called for when the defendant is contesting the sufficiency of the evidence to support his conviction because of his assertion that he adequately proved his affirmative defense. It is important to note that this analysis does not involve the appellate court in any fact finding function. The test evaluates the legal sufficiency of the evidence using a legal standard. There must be no reweighing or reclassifying of the evidence by the appellate court."

Nothing in *Jackson* mandates such absurdity. The affirmative defense may be raised by the weakest evidence, even that which has been contradicted and impeached. *Miller v. State,* supra. The defendant has both the burden to produce and the burden to persuade by a preponderance of the evidence. *Madrid v. State,* 595 S.W.2d 106, 111 (Tex.Cr.App.1979). *Van Guilder* means that if the jury rejects an affirmative defense and finds the defendant guilty, and he appeals and challenges the sufficiency of the evidence or claims he adequately proved his affirmative defense, then the above stated standard must be applied. In such a case the court must put aside the question of the sufficiency of the conviction to sustain the affirmative finding of the jury, and first pass on a negative finding, an implicit finding of the jury on the affirmative defense "by examining all the evidence concerning the defense" and determine "if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence." By looking at the limited scope of the evidence reflected only by the cold appellate record, the appellate court usurps the role of jury who has heard the witnesses and observed their demeanor.[1] If the appellate court finds from the limited evidence that the appellant adequately proved his defense contrary to the implicit negative finding of the jury, then the show is over. No one has to wait until the fat lady sings. There is no need to review all the evidence and apply *Jackson* to the affirmative finding of the jury for the appellant has already been acquitted[2] by the narrow inquiry mandated by *Van Guilder*.[3]

1. Where an insanity defense is interposed, it is not necessary for the State to present expert testimony that a defendant is sane in order to counter the defense medical testimony. *Hernandez v. State,* 157 Tex.Cr.R. 112, 247 S.W.2d 260 (Tex.Cr.App.1952); *Ross v. State,* 220 S.W.2d 137 (Tex.Cr.App.1948). The jury is not bound by the conclusions of medical experts. *Graham v. State,* 566 S.W.2d 941, 950, 951 (Tex. Cr.App.1978). Jury findings that a defendant was sane may be upheld even though no medical expert testified to that effect. *Hernandez v. State,* supra. The jury is the exclusive judge of the facts proved and the weight to be given the testimony. Article 38.04, V.A.C.C.P.; *Madrid v. State,* 595 S.W.2d 106 (Tex.Cr.App.1976). In exercising such authority the jury may accept or reject any or all of the testimony of a witness. *Preston v. State,* 457 S.W.2d 279 (Tex.Cr.App. 1970). When an appellate court usurps the role of a jury, it has a tendency to engage in a head counting game—which party had the most witnesses on the subject matter and is inclined to accept all evidence and then try to evaluate it from the cold record.

2. See footnote # 1 of the opinion of this Court on original submission in the instant case.

3. This procedure is somewhat reminiscent of earlier procedure in this state regarding insanity as a defense being tried before a jury in a preliminary hearing before the trial on the merits without the facts of the surrounding crime being introduced. In 1937 the Legislature enacted Article 932a, V.A.C.C.P. (1925) (Acts 1937, 45th Leg., p. 1172, ch. 466), and in 1957 enacted 932b, V.A.C.C.P. (1925) (Acts 1957, 55th Leg., p. 1413, ch. 486). Under the procedure established, if the issue of present insanity (competency to stand trial) and the issue of insanity as a defense were raised and a preliminary jury trial was held on such issues, a finding by the jury that the defendant was insane at the time of the commission of the offense the defendant stood acquitted.

I would reconsider *Van Guilder* and the instant case. I would therefore dissent to remanding this cause to the Court of Appeals for further consideration in light of *Van Guilder* at this time.

CLINTON and McCORMICK, JJ., join in this opinion.

In explaining the 1957 enactment of Article 932b, Judge K.K. Woodley of this Court in his article in "Insanity As a Bar to Criminal Prosecution," 3 South Texas Law Journal 240, said:
> "The new act [Article 932b] makes such a finding [insanity at the time of the act] at the preliminary trial more than a defense. It is an acquittal, the same as if made by the jury at the main trial. So it is now possible for one charged with a criminal offense to be acquitted, though he has never been tried for such offense, and in fact to be acquitted by a jury that has not heard the indictment read, the facts relating to the act charged, or any evidence other than that relating to the question of the sanity or insanity of the accused."

See also *Townsend v. State,* 427 S.W.2d 55 (Tex. Cr.App.1968).

In view of the limited scope of the evidence permitted by *Van Guilder* to be considered by the appellate court in passing on the rejected affirmative defense, one is remembered of the lyrics of that song, "Things that are happening for the first time seem to be happening again."