**Lyda ARNOLD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 404–84.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 19, 1986.

David Bruce Lanford, Brownsville, for appellant.

Reynaldo S. Cantu, Jr., Dist. Atty. and Marjory Colvin, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of murder and sentenced to thirty-five years' incarceration in the Texas Department of Corrections.

The Corpus Christi Court of Appeals, in an unpublished opinion, reversed appellant's conviction, holding that the finding made by the jury at appellant's competency hearing, that she had "sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding," was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Arnold v. State,* No. 13–83–050–CR, (Tex.App.—Corpus Christi, delivered January 31, 1984). We granted the State's petition for discretionary review in order to determine whether the standard of review used by the Court of Appeals was proper.

Appellant's competency hearing was held on December 6th and 7th, 1982. At the hearing Dr. Jorge Cardenas testified that, in his opinion, appellant was not competent to stand trial as she was not in a position to help counsel defend the proceedings against her. Dr. Cardenas diagnosed appellant's mental condition as paranoid schizophrenia.

In addition, appellant's attorney related that the week prior to the hearing, while he was interviewing her in jail, appellant began to scream that her lawyer was insane. Dr. Cardenas testified that such behavior was consistent with his diagnosis. Two jail matrons testified, corroborating the occurrence.

Against the wishes of her attorney, appellant testified during her competency hearing. Appellant's testimony, for the most part, was lucid and articulate. Appellant expressed frustration that her case had not gone to trial and that she had not been afforded a lie detector test in order to prove her innocence. Included in appellant's testimony were the following comments:

Could we please have a trial and get it over with? The longer you keep me the shakier I get; and never doubt that ...

. . . . .

They indicted me for Murder One, I'm supposed to have killed my mother, Margaret Womeldorf. I asked for a lie detector test; I couldn't get one ...

. . . . .

This is what I do not understand. If this is a case, can we please go into court and get this mess over with? ...

. . . . .

It's not that I don't think the doctors don't know what they're doing. It's not that. It's just simply let's get this over with because I did not kill my mother....

During jury argument a unique role reversal took place. The prosecutor argued that appellant should be found incompetent while appellant's attorney's jury argument contained the following:

... the evidence hasn't been long. You heard Dr. Cardenas. He talked to Miss Arnold last Friday. You heard the two matrons discuss the matter that occurred last Friday. And you heard Miss Arnold herself.

The decision as to finding her competent or incompetent is up to you.

I am prepared and ready, and I'll tell you right now that if you feel, based upon the evidence—and you don't have to believe anything Dr. Cardenas says. You don't have to believe what the matrons say; you can decide, 'Well, she was just upset and it doesn't have anything to do with her being incompetent.'

You can believe everything Miss Arnold said. She wants to get it over with, go to trial. She feels she's not guilty. You can believe her. And if you do believe her, then go ahead and tell us and write in your verdict that she is competent....

But I'm ready. I stand before you here telling you that I'm ready to go to trial if you find that she is competent....

The jury did indeed find appellant competent and her criminal trial proceeded, ending with a guilty verdict.

Article 46.02, § 1(b) reads:

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence.

Thus, the standard of proof in an incompetency hearing is that incompetence must be proven by a preponderance of the evidence. The same standard applies where a defendant seeks to avoid criminal conviction by interposing the affirmative defense of insanity, under V.T.C.A., Penal Code, § 8.01(a). V.T.C.A., Penal Code, § 2.04(d). Because the standards imposed are identical, the standard of review established in *Van Guilder*, 709 S.W.2d 178 (Tex.Cr.App. 1985), which dealt with the insanity defense, can be used in the instant case.[1]

---

1. Appellant also argues that the competency hearing is civil in nature and that, therefore, the Court of Appeals was justified in using its fact jurisdiction under civil law to reverse appellant's conviction.

While the competency hearing has been held to be "civil in nature" in *White v. State*, 591 S.W.2d 851 (Tex.Cr.App.1979), it is still part of a criminal case. But for the criminal offense, the competency provisions of Art. 46.02, V.A.C.C.P., are not applicable. The decision in *White*, supra, dealt only with one aspect of the competency hearing—the number of peremptory strikes to be afforded a criminal defendant in a competency hearing. Whereas, in *Jackson v. State*, 548 S.W.2d 685, 690 (Tex.Cr.App.1977), this Court addressed the broader issue of review of competency hearings:

A hearing on competency is not a criminal action as such in that a determination of guilt or innocence is not made, but it is quasi-criminal in a sense that a finding of competency is a necessary prerequisite to subjecting the accused to a criminal trial for the offense charged. We find that a preliminary hearing to determine competency is ancillary to the main criminal proceding.

We note that this Court reviews pre-trial hearings had on motions to suppress evidence involving searches, seizures, and confessions and motions to quash an indictment when raised ancillary to the trial on the merits. It follows, and we so hold, that this Court should review a pretrial hearing on competency when such matter is raised in an appeal from the trial on its merits.

Therefore, an appellate court reviewing the sufficiency of the evidence in a competency hearing may only ask whether the evidence presented was legally sufficient to support the jury finding. To do this the Court of Appeals must look at all the evidence which bears on the competency of the defendant in the light most favorable to the jury finding on competency. Then, the appellate court must determine if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. *Van Guilder*, supra.

■ Based upon the evidence elicited at the competency hearing we cannot say that the jury's finding that appellant was competent was irrational. In fact, considering appellant's testimony and the jury argument of her attorney, it is very easy to see that a rational trier of fact could have given appellant exactly what she asked for, a criminal trial in which she could have the opportunity to establish her innocence. We conclude that, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could easily have found appellant's evidence of incompetence insufficient.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for examination of appellant's other grounds of error.

TEAGUE, J., concurs in the result.

ONION, Presiding Judge, concurring.

I concur in the result only. Viewing the evidence in the light most favorable to the jury's verdict at the competency hearing, I

would conclude the evidence is sufficient to support the judgment entered. I do not agree with the extension of *Van Guilder v. State*, 709 S.W.2d 178 (Tex.Cr.App.1985), the affirmative defense rationality test, to competency hearings. See and cf. dissenting opinion on State's Motion for Rehearing Overruled Without Written Opinion in *Baker v. State*, 707 S.W.2d 893 (Tex.Cr. App.1986).

McCORMICK, J., joins.

CLINTON, Judge, dissenting.

We granted review to consider yet another variation of a hard problem created when the Legislature proposed and the people approved restructuring our appellate criminal justice system, and compounded by implementing legislation in Acts 1981, 67th Leg., Ch. 291, p. 761, effective September 1, 1981 ("S.B. 265").

*Van Guilder v. State*, 709 S.W.2d 178 (Tex.Cr.App.1985), addressed the problem in a context of an affirmative defense of insanity. However, for reasons expounded in my dissenting opinion in *Schuessler v. State*, 719 S.W.2d 320 (Tex.Cr.App.1986), and in *Hill v. State*, 719 S.W.2d 199 (Tex.Cr. App.1986), the solution found by *Van Guilder* is demonstrably unsound. Following a somewhat different analysis in *Baker v. State*, 707 S.W.2d 893 (Tex.Cr.App.1986), Presiding Judge Onion characterized it an "absurdity." Nevertheless, a majority "persists in compounding the errors of *Van Guilder*," *Hill v. State*, supra, and I continue to dissent.

The instant cause illustrates again that what Presiding Judge Onion calls in his

To hold, as appellant argues, that a competency hearing is a civil case would insulate such hearings from review by this Court, which makes little sense in light of the subsequent criminal trial which may result. Further, the Legislature provided that the Code of Criminal Procedure govern the proceeding. Also, the hearing may be the initial step in prosecuting an individual for a criminal offense.

Based on the logic expressed in *Jackson,* supra; based on the fact that a competency hearing is an initial step in a criminal proceeding; and based on the fact that the competency hear-

ing is governed by the Code of Criminal Procedure, we do not believe that the competency hearing was intended to be or is a civil case. To hold otherwise would create the anamolous result of splitting off a portion of a complete criminal case and providing a different method of review in a different court. We agree that it has certain civil aspects as was pointed out in *White,* supra. However, review of the proceeding is "criminal" and is done by our Court with standards of review consistent with prior opinions in the area.

concurring opinion herein "the affirmative defense rationality test" formulated in *Van Guilder* is itself irrational in application. To utilize the test here, its formulator must find, albeit *sub silentio*, that Article 46.02, § 1(b), V.A.C.C.P., places the burden of proof in a competency hearing on the defendant to prove incompetency by a preponderance of the evidence. Maj. Opinion, p. 592. In terms, Article 46.02 provides no such thing.

Article 46.02, § 1(b), supra, declares a presumption that an accused is and must be found competent to stand trial *"unless proved incompetent by a preponderance of the evidence."* [1] Where has the Legislature written that the burden of proof shall be borne by an accused? Unlike insanity, the Penal Code does not identify incompetency as a defense or an affirmative defense.[2] Nor does § 1(b).[3] Either an accused *or trial judge* may raise the issue pretrial; during trial evidence "from *any* source" may raise the issue. Article 46.02, § 2(a) and (b). See *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr.App.1980) and *Williams v. State*, 663 S.W.2d 832 (Tex.Cr. App.1984). The requisites of hearing prescribed in § 4 do not allocate burdens of proof or persuasion at all, and implicit in § 4(d) is the notion that policy considerations may be better effectuated without assigning trappings of advocacy to one side or the other.[4] Compare Article 46.03, § 1(c): "... and the defense has established by a preponderance of the evidence that the defendant was insane at the time

of the alleged offense." Accord: V.T.C.A. Penal Code, § 8.01.

Since burden of proof is not assigned by Article 46.02, *ipse dixit* of the majority that "the *standards* imposed are identical" is a *non sequitur*. Incompetency is not an affirmative defense. To utilize "the standard of review established in *Van Guilder*" in this cause proves again just how unprincipled it really is.

Given the rash of similarly awkward applications of *Van Guilder*—and, indeed, the division among us—it is evident that the Court must formulate a workable standard of review for affirmative defenses and similar matters requiring proof by a preponderance of evidence.

Until 1981 appellate review of sufficiency of evidence pertaining to such matters reposed solely in this Court, and in, e.g., *White v. State*, 591 S.W.2d 851 (Tex.Cr. App.1979) (jury verdict in competency hearing), and *Martin v. State*, 605 S.W.2d 259 (Tex.Cr.App.1980) (court finding of sanity in probation revocation hearing), we sorted them out in light of constitutional and statutory provisions then extant, *viz*:

"After an examination of the constitutional and statutory provisions relating to the jurisdiction of the Court of Criminal Appeals, we conclude that this court has no fact jurisdiction as do the Courts of Civil Appeals, and cannot 'unfind' a vital fact finding by a jury. Since we do not have the jurisdiction to pass upon the

---

**1.** All emphasis is mine throughout unless otherwise indicated.

**2.** Of course, it is neither. Incompetency is condition of mind, and like all other civilized jurisdictions the State of Texas will not put an incompetent accused to trial on a criminal charge. So long as the status of incompetency obtains there will not be a trial, but that does not make it a defense or affirmative defense to the crime charged. The societal interest thus served is explained in *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

**3.** In *White v. State*, 591 S.W.2d 851 (Tex.Cr.App. 1979), there is language indicating § 1(b) assigns burdens of proof. In the course of deciding that a competency hearing is civil in nature

and therefore each party in entitled to six peremptory challenges, looking only to Article 46.-02, § 1(b) and without further examination of the matter, the Court remarked that the burden of proof in a "regular" competency hearing "will be on the defendant and not the State." *Id.*, at 854. However, when other relevant factors and indicia are considered, see *post*, in that particular *White* is not persuasive.

**4.** Indeed, in this very case the prosecutor purposefully elicited from an expert witness for appellant that she should be "placed in a hospital setting at the present time ...," did not crossexamine appellant nor present any evidence, and then urged upon the jury its "hope, that based on the evidence, you would find she is incompetent...."

great weight and preponderance of the evidence, appellant's contention [thus challenging verdict of competency] is overruled."

*White,* supra, at 856. Accord: *Martin,* supra, at 261.

Since September 1, 1981, of course, courts of appeals have appellate jurisdiction of criminal cases on direct appeal pursuant to Article 4.03, V.A.C.C.P. They retain constitutional "fact jurisdiction," such that "the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error." Article V, § 6. Many are now exercising "fact jurisdiction" in criminal cases; obviously those courts of appeals believe they have power and authority to do so. See cases collated in note 2 of my dissenting opinion in *Hill v. State,* supra.

In *Minor v. State,* 657 S.W.2d 811 (Tex. Cr.App.1983), noting the views expressed by Chief Justice Cadena in his concurring opinion below, this Court made clear that *Combs v. State,* 643 S.W.2d 709 (Tex.Cr. App.1982), had not answered all pertinent questions on the subject under by S.B. 265. Moreover, *Combs* involved sufficiency of evidence to prove an element of an offense beyond a reasonable doubt, rather than an affirmative defense by a preponderance of evidence. *Hill,* supra (dissenting opinion). Therefore, until *Van Guilder* there were open questions.

Since the answer in *Van Guilder* is incorrect, and in any event is not applicable here, I must dissent.